PAUL ANDERSON ET AL. V. CITY OF SAN ANTONIO.

No. 6088. Decided January 24, 1934.
Motion for rehearing overruled March 21, 1934.
(67 S. W., 2d Series, 1036.)

164

*Hicks, Dickson, Bobbitt & Lange, Fagan Dickson* and *W. A. Wade,* all of San Antonio, for plaintiffs in error.

It is error for the Court of Civil Appeals to hold that the City of San Antonio, acting solely through its Commissioners, without the people having voted a provision of the charter, and without authority of law from the Legislature, may lawfully levy and collect a tax of five cents (5c) on each one hundred ($100.00) dollars in value of the taxable property of the City, to provide money with which to share the cost of advertising the advantages of the City of San Antonio with a view of inducing people living in other parts of State and the world to move to the City of San Antonio and make it their permanent home. Williams v. Davidson, 43 Texas 1; City of Tyler v. Texas Emp. Ins. Assn., 294 S. W., 195; Green v. City of Amarillo, 244 S. W., 241; Foster v. City of Waco, 113 Texas, 352; City of Arlington v. Lillard, 116 Texas, 446, 294 S. W., 829; Harris County Drainage Dist. v. City of Houston, 35 S. W. (2d) 118.

*T. D. Cobb, Jr.,* City Attorney, *C. K. Quin, W. C. Davis,* Assistants City Attorney, of the City of San Antonio, for defendant in error.

Cities and towns enjoying the privileges under the Home Rule Amendment to the Constitution of the State of Texas and by virtue of the authority in their charters granting them powers to levy, assess and collect taxes for the general welfare, and for the trade and commerce of the city is within the power of the governing body to do so, there being no constitutional inhibition to such levy and collection of taxes. Constitution, Art. 11, sec. 5; Art. 1175, R. S. 1925; Charter City of San Antonio, sec. 56; Xydias Amusement Co. v. City of Houston, 185 S. W., 415; City of Henderson v. Fields, 258 S. W., 523.

MR. JUSTICE PIERSON delivered the opinion of the court.

On the 16th day of January, 1929, the Board of City Commissioners of the City of San Antonio passed an ordinance, the first section of which reads as follows:

"1. That it is necessary for the general welfare and for the good of the trade and commerce of the City of San Antonio, to advertise its advantages; and, to finance such advertisement, there is hereby created an Advertising Fund."

Subsequent sections of said ordiance provide for a fund to pay for such advertising and a method for the use of such fund. Later an ordiance was passed levying a tax for the purpose of creating an advertising fund for said city.

Plaintiffs in error, as tax-paying citizens of the City of San Antonio brought this suit in the District Court of Bexar County, seeking to enjoin the enforcement of said ordinance and to restrain the city officials from collecting said tax and from expending any city funds for advertising purposes. The trial court granted a temporary injunction as prayed for, but on appeal to the Honorable Court of Civil Appeals for the Fourth District the judgment of the trial court was reversed, the injunction was set aside, and the cause was dismissed.

In the case of W. F. Davis et al. (Howard Bland, Sr., et al.) v. City of Taylor et al., this day decided (123 Texas, 39, 67 S. W. (2d) 1033) this Court overruled the contention that an ordinance levying a tax and creating a fund for the purpose of advertising the advantages of the city is void because the tax attempted to be levied is not for a public or municipal purpose. This case, however, differs very materially from the City of Taylor case. In that case there was an express charter provision in its home rule charter authorizing and providing for the exercise of such power.

The important issue in this case is, as is asserted by plaintiffs in error, that neither the charter nor the general laws of this State empower the City of San Antonio to levy a tax or to expend municipal funds for the purpose of advertising the advantages of the city for the purpose of increasing its trade and commerce. We approve the contention of plaintiffs in error in this case. There is no charter provision whatever authorizing such expenditure of the city's funds, and there is no general law authorizing same.

The Home Rule Amendment to the State Constitution provides:

"Said cities may levy, assess and collect such taxes as may be authorized by law or by their charters."

The City seeks to uphold the ordinance and the power to use its funds for the purpose of advertising its advantages un-

der Article 1175 of the Revised Statutes, known as the Enabling Act of the Home Rule Amendment. Article 1175 provides:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city, the following are hereby enumerated for the greater certainty:

\*         \*         \*         \*

"7. To provide for the levying of any general or special ad valorem tax for any purpose not inconsistent with the Constitution of this State."

Also Sections 108, 100 and 106 of the city charter are urged as providing authority, and that the authority should be. implied from these provisions. These sections authorize the Board of Commissioners "to create special funds for special purposes," \* \* \* "to pass, publish, amend, or repeal all ordinances necessary, \* \* \* for the order and good government of the city, or trade, commerce and health thereof," \* \* \* and to levy and collect ad valorem taxes "for general purposes" and "for special purposes."

The power asserted here, the authority to levy a tax for advertising purposes, cannot be implied from the general grant of power of taxation.

It was held in the case of W. F. Davis et al. (Howard Bland, Sr., et al.) v. City of Taylor et al., *supra,* that a municipal corporation can exercise only such powers as are expressly granted, or as may be reasonably implied from those granted, or such as are essential to the objects for which the corporation was created.

The universal rule is more fully stated in 1 Dillon, Municipal Corporations (5th ed.), Vol. 1, sec. 237, as follows:

"It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others:* First, those granted in *express* words; second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void."

See also 19 Ruling Case Law, pp. 768, 769, 770, sec. 75; Brenham v. Brenham Water Company, 67 Texas, 542; Foster v. City of Waco, 113 Texas, 352, 255 S. W., 1104.

In W. F. Davis et al. (Howard Bland, Sr., et al.) v. City of Taylor et al., *supra,* we quoted with approval the following from the 1932 Cumulative Supplement of McQuillin on Municipal Corporations (2d ed.), pp. 662, 663:

"Although recent decisions declare advertising is a public purpose for which the taxing power may be exercised, to authorize the levy of any tax for this purpose or appropriate public money therefor, express grant must exist, either statutory or in home rule charters."

From the general provisions mentioned above in the general law and in the several sections of the City charter, authority to use funds of the City for the purposes mentioned herein cannot be implied, and they are not essential to the exercise of the corporate powers of the City.

The judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed.