## CITY OF LUBBOCK v. SOUTH PLAINS HARDWARE CO. et al.

### No. 4825.

Court of Civil Appeals of Texas. Amarillo.

Dec. 6, 1937.

344

A. V. Weaver, Jr., of Lubbock, for appellant.

Anderson & Girand, of Lubbock, for appellees.

STOKES, Justice.

This is an appeal from an order of the district court approving a report of the master in chancery in a pending receivership in cause No. 6835, entitled G. L. Blankenbeckler v. South Plains Hardware Company, a Corporation. Appellant filed with the receiver its claim for taxes for the years 1934, 1935, and 1936, claiming a first and superior lien on all of the property of the defunct corporation for all of the taxes due and unpaid. The master in chancery allowed the city's claim and recognized a lien upon the furniture and fixtures, but denied the lien claimed by the city as to the merchandise on the ground that there was no showing made by the city that such merchandise was owned by the South Plains Hardware Company on the 1st of January of the respective years for which the taxes were levied. He recognized the taxes assessed against the stock of merchandise as a preferred claim of the lowest class and this adjustment was approved by the district court. Appellant, being dissatisfied with the ruling, excepted thereto and has perfected its appeal to this court.

The claim of appellant is based upon an ordinance duly passed by the governing authorities of the city which provides that a lien is created on all property, both real and personal, for all ad valorem and other taxes. It further provides that the lien shall exist from the 1st of January each year until all the taxes are paid, and that such lien · shall be prior and superior to all other claims. Section 2 of the ordinance is as follows: "(2) Said lien for taxes shall attach to all property of the tax payer owned January 1st and that subsequently acquired, whether assessed or not."

Appellant is a city, operating under what is commonly called the Home Rule Amendment, having adopted a special charter under the provisions of article 11, § 5, of the Constitution and article 1165, Revised Civil Statutes 1925. Article 7, § 5, of the charter provides that "said city shall have power to regulate the manner and mode of making out tax lists, inventories and appraisements of property therein * * * and to do any and all other things necessary or proper to render effectual the collection of monies for taxation."

It is contended by appellant that this section of the city charter gives to the city commission the power to create a lien such as is provided by the ordinance, and especially section 2 of the ordinance above quoted, and it assigns as error the action of the trial court in approving the report of the master in chancery and denying to it a

lien upon all of the property in the hands of the receiver belonging to the defunct corporation for all of the taxes due regardless of whether they were assessed against the specific property or not.

Article 1060 of the Revised Civil Statutes of 1925 is a general law relating to the subject of taxation and provides for tax liens to which all cities in the state are entitled. It provides that "all taxes shall be a lien upon the property upon which they are assessed."

 The contention of the city is that the effect of the ordinance is to extend the statutory provisions in respect to the lien and provide for an advantage not given to it or other cities by the general law. The ordinance provides that the lien for taxes shall attach to all property of the taxpayer owned January 1st and that which is subsequently acquired, whether assessed or not, thus purporting, under appellant's interpretation, to extend the tax lien to property of the taxpayer not included in the assessment. If that is the effect of the ordinance, we think the governing body of the city was without authority to enact it. It is true that cities operating under the Home Rule Amendment of the Constitution and statutes enacted pursuant thereto are clothed with the power of local self-government and the governing authorities of such cities have authority to enact ordinances that are not inconsistent with the Constitution and general laws of the state. But the Constitution and statutes contain provisions which inhibit the adoption of any charter provision or ordinance which is inconsistent with the Constitution or the general laws. Appellant contends that, since there is no specific legal inhibition against its adopting such an ordinance, its power to enact an ordinance such as the one in question is permitted by both the Constitution and statutes. The law in regard to such matters is well established in this state to the effect that, not only are cities prohibited from enacting local laws which are directly in conflict with statutory or constitutional provisions, but from entering a field of legislation which has been occupied by general legislative enactments.

In the case of City of Beaumont v. Fall, 116 Tex. 314, 291 S.W. 202, 205, the Supreme Court adopted and approved the opinion of the Commission of Appeals in which Judge Powell succinctly stated the law as follows: "In a word, as long as the state does not, in its Constitution or by general statute, cover any field of the activity of the cities of this state, any given city is at liberty to act for itself. But, when the state itself steps in and makes a general law and applies such law to all cities of a certain class, then we submit that no city of the same class is authorized, under our Constitution to enact contrary legislation. If this principle has not already been adopted as the settled law of this state, then it should be so understood from this time forward."

In the case of Xydias Amusement Co. et al. v. City of Houston et al., 185 S.W. 415, 420, writ refused, the Court of Civil Appeals at Galveston laid down the rule in the following terse statement: "The true rule is, where the state law speaks, the city ordinances must be silent; where the state law is silent, the city must [may] speak."

See, also, Smith Bros., Inc., v. Lucas et al., Tex.Civ.App., 15 S.W.2d 27; Stahl et al. v. Miller et al., Tex.Civ.App., 63 S.W.2d 578; Ex parte Farley, 65 Tex.Cr.R. 405, 144 S.W. 530; City of Houston v. Richter et al., Tex.Civ.App., 157 S.W. 189.

 The contention of appellant that, because neither the Constitution nor the statute prohibits their doing so, the city authorities had power by ordinance to extend the lien for taxes so as to include property of the taxpayer other than that against which the taxes were assessed, is not tenable for the further reason such contention runs afoul of the well-known legal maxim; expressio unius est exclusio alterius. Article 1060 of the statute covers the field of tax liens to which all incorporated cities and towns are entitled and limits such liens to the property against which the taxes are assessed. The Legislature having entered the taxing field and plainly spoken its will in reference to tax liens to which cities and towns are entitled, the conclusion must be indulged that it was the intention of the legislators that the lien thus created should be exclusive. The mere fact that the statute does not go further and prohibit cities and towns from extending the lien created by the statute does not furnish legal warrant for governing authorities of cities to expand the statutory benefits and encumber with such liens property not so encumbered by the legislative enactment. The Legislature having established the lien, it will be presumed that the intention prevailed to exclude any other provision, the purport of

which would be to go beyond the limits which were provided by its enactment.

■■ However, we do not agree with the contention of appellant that the city ordinance, when properly construed in the light of the charter provisions and the statute above mentioned, necessarily extends the tax lien in the manner and to the extent contended for by appellant in this case. The charter provision of the city is in keeping with the statutory provision and limits the tax lien as a charge and encumbrance upon the property against which the tax is assessed. It will be presumed that the city authorities did not intend to transcend both the statutory and charter provisions, and if the city ordinance is susceptible of an interpretation which will harmonize with the charter and statute, such interpretation will be adopted in preference to one which would destroy the ordinance. The section of the ordinance here invoked, being section 2, provides that the lien for taxes shall attach to all property of the taxpayer owned January 1st and that subsequently acquired, whether assessed or not. The lien referred to in this section is the lien which is created by section 1 of the ordinance. That section provides for a lien upon all property, personal and real, in favor of the city for all taxes, ad valorem, occupational, or otherwise, and provides that the lien shall exist from January 1st in each year until all the taxes are paid. There is nothing in the provision of section 1 which indicates the purpose or intention to extend the tax lien beyond the property against which the taxes are assessed. This is plainly shown by the provision that the lien shall exist from January 1st in each year until all taxes are paid. Obviously, it refers to the property against which the taxes are assessed and establishes the lien as of January 1st of each year. The following section 2 provides that "said lien for taxes shall attach to all property of the tax payer owned January 1st and that subsequently acquired, whether assessed or not."

This provision clearly refers to the lien created by section 1 and makes it apply to property acquired subsequently to January 1st but only for the taxes that may accrue or be assessed against such subsequently acquired property. This construction was evidently placed upon the ordinance by the trial judge when he approved the report of the master in chancery, and we think it is the correct one. Appellant, therefore, does not have a lien upon the stock of merchandise in the hands of the receiver for the taxes sued for, and the classification made by the master in chancery and approved by the trial judge made a proper disposition of the claim of appellant for taxes. There was no showing that the corporation owned the merchandise on January 1st of the years for which the taxes accrued, nor that the taxes were assessed against any specific articles of the stock of merchandise.

This is the only error assigned by appellant, and from what we have said it is obvious that in our opinion the trial court did not commit error in entering the order appealed from.

The judgment is, therefore, affirmed.