**WILLMAN et al. v. CITY OF CORSICANA.**

**No. 2803.**

Court of Civil Appeals of Texas. Waco.

July 22, 1948.

Rehearing Denied Aug. 12, 1948.

Pevehouse & McCall and Tyson, Dawson & Dawson, all of Corsicana, for appellants.

J. C. Jacobs, of Corsicana, for appellee.

LESTER, Chief Justice.

Charles Willman et al. filed suit in the district court of Navarro county against the City of Corsicana, seeking to enjoin the City from putting in force an ordinance passed by the City on December 2, 1947, whereby the City attempted to extend its territorial limits to the west of its present boundary line, and which included land owned by the plaintiffs. Thereafter, A. Hayes Bonner et al. filed suit in the same court asking the same relief in respect to an ordinance passed by the City on December 16, 1947, whereby it proposed to extend the limits of said City to the north, which included land owned by said plaintiffs. In each instance the attempted annexation was by ordinance alone. On account of the related issues involved in each of the suits the court consolidated said suits, and upon a hearing held the ordinances valid and denied the relief.

The City of Corsicana, in 1917, accepted the provisions of the Constitution and Enabling Act passed by the legislature, commonly referred to and known as the Home Rule Amendment, by the adoption of a charter, with Section 2 thereof providing: "The said limits of the city of Corsicana may be extended so as to take in other territory, by ordinance duly passed by the Commission, in the manner and form as prescribed by the general laws of the State of Texas." The above quoted article is cited by appellee as a basis for its authority to include the territory herein involved by ordinance alone.

In 1912, Sec. 5, Article 11, of the Constitution of this state, Vernon's Ann.St. was adopted, which in part reads:

"Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."

In pursuance to said section of the Constitution, the legislature, in 1913, passed Article 1175 of Vernon's Ann.Texas Civil Statutes, which enumerates certain powers that such cities can possess, and in part it provided:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for the greater certainty: * * *

"2. The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter." thereby conferring upon such cities the power previously vested in the legislature to adopt their own charters providing for any method of extending their city limits that the city desired, so long as such method did not contravene the Constitution or general laws of the state.

The disposition of this appeal rests upon the proper construction to be given to Section 2 of appellee's charter. In construing said provision the intent expressed therein must be ascertained, if possible; that is, what power did the

citizens of Corsicana, in 1917, intend to confer upon their city commission in respect to annexing additional territory to the city when they adopted their charter, and when the intent is once ascertained, such intent must be given effect and the language used must be construed as written, unless it is apparent that this would defeat such intent. T. J., Vol. 30, p. 53, sec. 24. If the provision of the charter is unambiguous, the language used must control, but if it is uncertain as to its meaning, then the charter and other evidence and circumstances may be looked to in construing such provision and arriving at the true intent attempted to be expressed therein. It has been held that where the power of a municipal corporation is in question, the grant of power will be strictly construed, and that such power should not be enlarged by a liberal construction and if any fair, substantial and reasonable doubt exists as to any power, it is to be resolved against the corporation and the power denied. 37 Amer.Jur. p. 725; Dillon, Municipal Corporations 5th Ed., Vol. 1, sec. 237; 43 C.J. p. 199; McQuillin, Muncipal Corporations, Vol. 1, pp. 967 et seq., sec. 356; City of Arlington v. Lillard, 116 Tex. 446, 294 S.W. 829; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104.

But where the grant of power is clear, then a more liberal rule of construction prevails. The charter of the city is its constitution and the city can exercise only such powers that are expressly granted by said charter, or those which may be reasonably implied from the powers granted, or those that are incidental to the purpose for which the corporation was created. Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033; Anderson v. City of San Antonio, 123 Tex. 163, 67 S.W.2d 1036; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104. Nor can it perform a governmental function in any manner contrary to the express provisions of its charter.

In 1875 the legislature passed a law providing a method of extending the city limits by cities, towns and villages, which has continued without change during these years and was being followed by cities extensively in extending their limits at the time the City of Corsicana adopted its present charter. This statute is now Article 974, and provides:

"When a majority of the inhabitants qualified to vote for members of the State Legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance, receive them as part of said city."

First, we will consider Section 2 of said charter as written, giving to each word therein contained its rightful meaning. T. J., Vol. 30, p. 55, sets out the rules of construction relating to city charters, and in part provides:

"General provisions or words are restricted and limited by the particular ones where the general provisions are followed by provisions specifically setting forth the powers conferred."

In construing statutes, C.J., Vol. 59, pp. 985 and 986, says:

"By what is known as the doctrine of the 'last antecedent', relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote. This rule is, however, merely an aid to construction and will not be adhered to where extension to a more remote antecedent is clearly required by a consideration of the entire act. Slight indication of legislative intent so to extend the relative term is sufficient. *Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all.*"

On the same subject, 50 Am.Jur., p. 258, sec. 269, provides:

"In construing statutes, qualifying words, phrases, and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last

antecedent, within the meaning of this rule, has been regarded as the last word which can be made an antecedent without impairing the meaning of the sentence. This rule of statutory construction, however, is not controlling or inflexible. It may be rebutted by the circumstances. Moreover, the rule should not be applied without reference to the meaning of the statute when read as a whole; it prevails where there is nothing in the statute as a whole, or in the subject matter or dominant purpose of the statute, requiring a different construction, and is not applicable where a further extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by the entire act. There are cases in which qualifying words at the end of a sentence are regarded as referring to and qualifying the whole. *Thus, where several words in a statute are followed by a general expression or clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the expression or clause be read as applicable to all."*

See: Porto Rico R. Light & Power Co. v. Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944, United States v. Standard Brewery, 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 299.

Appellee contends that the words "in the manner and form as prescribed by the General Laws of the State of Texas" were used *for the purpose of insuring the passage of* an ordinance in all things complying with the general laws of the State of Texas, and cites T. J., Vol. 30, p. 286; but we cannot agree with this contention for the reasons which will be hereinafter more *fully discussed.*

It is also appellee's contention that the city commission was acting within its lawful power in passing the ordinance by virtue of the fact that the city is operating under the Home Rule Amendment to the Constitution and the Enabling Act of the legislature, and cites the case of Allen v. City of Austin, Tex.Civ.App., 116 S.W.2d 468, in support thereof. The provisions of the charter in that case are quite different from the provision in appellee's charter. It was provided in Article 1, sec. 2a: "The

City Council may by ordinance annex additional territory lying adjacent to the city with or without the consent of the territory and inhabitants annexed." The court held that the Constitution, Sec. 5, Art. 11, and the Legislature, Art. 1175, subdivision 2, and the Charter of the City of Austin, Art. 1, sec. 2a, gave the city ample statutory and constitutional authority to annex the territory by ordinance without submitting the question to the qualified voters of the city or of the territory annexed. So it can be readily observed that the charter clearly granted the power to its commission to annex additional territory by ordinance alone.

We do not feel justified in holding that the words: "in the manner and form as prescribed by the General Laws of the State of Texas," were placed in the charter through inadvertence, or that the people of Corsicana intended at the time of the adoption of said charter that they should be construed as being superfluous. They evidently inserted the language in their charter for a purpose, and there is no reason to believe that they intended that it should be given any other effect than its ordinary meaning in expressing their intent. Considering Section 2 of said charter, and giving effect to each and every word, we are of the opinion that the qualifying clause related to the manner and form of annexation and that it was the intent of the people of Corsicana at the time they adopted their charter that in extending the limits of the city the mode to be followed should be as provided by the general laws of the State of Texas which should be in force at the time such extension was to be effected, and that it was not their intent to grant to the city commission the power to annex additional territory by ordinance alone.

Considering Section 2 in connection with the charter as a whole, and applying the rules of construction that are applicable to the construction of statutes which also apply to the construction of city charters, to determine if it was the intent to grant to the commission the power to take in additional territory by ordinance alone, Section 13 of the charter relates to the passing of ordinances and is as follows:

"The Commission shall adopt such rules for the order of business and the enactment of ordinances as it may see fit, and a majority vote shall be sufficient for the passage of all ordinances and resolutions, unless otherwise provided, and all meetings of the Commission shall be public, except when in executive session. No ordinance shall be passed until it has been read at two separate meetings of said Commission, one of which must be a regular meeting, and said meetings shall be not less than seven days apart, and shall not become a law until signed by the Mayor and attested by the City Secretary, unless the Mayor fails or refuses to sign said ordinance within ten (10) days, in which event the City Secretary shall report said fact to the Commission, and said ordinance shall be read at a third meeting, and if a majority of the Commission vote to pass said ordinance, it shall become a law, without the signature of the Mayor. The ayes and noes shall be recorded in voting on all ordinances, and said ordinances shall be published at least once, in some newspaper of general circulation in the city of Corsicana, before taking effect."

It will be observed that in the above quoted section there is no provision that any ordinance, resolution or act shall be in the manner and form as prescribed by the laws of the state, which is another indication that the language used does not just relate to the manner and form of the ordinance to be passed by the commission, as it appears to us that if it was the form of the ordinance that they had in mind, they would have referred to the charter instead of the general laws of the state. But we look to the other portions of the charter to see if a contrary intent can be found. In the various sections of said charter the word "ordinance" is used thirty-odd times in making provision for the execution of the many powers of local self-government, but in no instance does the charter provide that the ordinance must be in the form and manner as prescribed by the general laws of the State of Texas. In this respect it refers to the general laws in the following particulars:

Section 22, relating to the city court, provides:

"The Corporation Court of the City of Corsicana, as the same now exists, is hereby retained and shall continue to be known as the Corporation Court, and shall have all the power and jurisdiction granted by the laws of the State of Texas to such courts, and especially as prescribed in Title 22, Chapter 5 of the Revised Statutes of the State of Texas [Vernon's Ann.Civ.St. art. 1194 et seq.], except insofar as the same may conflict with this Charter."

Section 39, pertaining to the election of school trustees, in part provides:

"The School Board shall order said elections in the same manner that other city elections are ordered, and appoint persons to hold the elections, who shall be governed by the rules governing general city elections, except that said School Board may have said election held at one or more places in said city."

Section 46, relating to levying and assessing taxes, provides:

"The Commission shall levy all taxes by ordinance, and in the manner and method of assessing and collecting taxes, the Assessor and Collector shall be governed by the general laws of the State of Texas, provided the Commission shall have the right to change the same at any time it deems advisable."

Section 48, pertaining to the collection of delinquent taxes, provides:

"In the collection of delinquent taxes, the City shall have the power granted by the general laws of the State, and shall be governed thereby in the taxing of fees and costs against the delinquent."

Section 60, relating to the adoption of the charter, provides:

"The present City Council of Corsicana shall call such election, and the same shall be conducted and returns made and results declared as provided by the laws of the State of Texas governing municipal elections, and as provided in the present Charter of the City of Corsicana."

Each of the five above quoted sections pertain to the manner in which the various acts are to be performed.

At the time the charter was adopted the usual method of extending the city limits

160

of the city was by election either in the city or by the residents of the territory to be annexed, or by both. While as early as 1915, in the case of Cohen v. City of Houston, Tex.Civ.App., 176 S.W. 809, which was a suit to enjoin an election which the city had ordered with the view of extending the limits of the city, it was held that the legislature could grant to a city the power to extend the city limits without the consent of those residing in the territory to be annexed, but it was not until 1938 that any appellate court held that the limits could be extended by ordinance alone, and that decision was in Allen v. City of Austin, supra.

The evidence in this case shows that prior to the adoption of the city charter in 1917, the city attempted to extend the limits of the city, and by reason of not complying with the general laws of the state and the provisions of their charter, it was enjoined from putting the proposed extension into force; which is another fact to be considered in determining whether it was the intention of those adopting said charter that the general laws of the state should be followed in extending the limits of said city.

■ Appellee cites Sections 1 and 58 of the charter as authority for extending the limits by ordinance alone. Section 1 is as follows:

"The City of Corsicana, Navarro County, Texas, shall constitute a body politic and corporate, and shall possess all the powers not inconsistent with the Constitution and laws of Texas, and do all things necessary for the promotion of the general welfare of the inhabitants of said City not expressly prohibited in this Charter."

Section 58 is as follows:

"The Commission shall have the power to pass all ordinances and do all things necessary for carrying into effect the intention of this Charter, and to do all things not prohibited by the general laws of the State of Texas or by this Charter; that the specification of particular powers shall never be construed as a limitation upon the general powers herein granted, it being intended by this act to grant to and bestow upon the inhabitants of the City of Corsicana full pow-

er of local self-government, and it shall have and exercise all powers of muncipal government not prohibited to it by this Charter or by some general law of the State of Texas, or by the provisions of the Constitution of the State of Texas."

But it has been held that such terms as "full power of self government" and "all powers of muncipal government not prohibited by this charter" add nothing to the terms of the charter; the charter must still be the measure of authority to sustain an act done by the corporation. McQuillin Municipal Corporations, Vol. 1 (5th Ed.) p. 968; Southwestern Telegraph & Telephone Co. v. City of Dallas, 104 Tex. 114, 134 S.W. 321.

■ The citizens of Corsicana, under the Constitution and the Enabling Act of the Legislature, had the absolute right and power to adopt any method of extending the limits of their city that they desired to prescribe in their charter so long as such method did not violate the Constitution or the general laws of the state. If they desired to adopt by reference to the general laws of the state as a method, it was their privilege to do so. In this connection, we feel that it is more reasonable to conclude that they desired to prescribe a method that they were familiar with and one that had been followed for many years by many cities of this state, rather than believe that they intended to select a method that was not generally followed by cities, if it had ever been followed by any city in this state at that time, and one that would give the commission unlimited power in this regard without chart or compass.

■ Viewing the charter as a whole and the evidence before us, we are still of the opinion that the language used manifests the intent that the procedure to be followed in extending the limits of the city should be as provided by the general laws of the state. Since the city prescribed in its charter the manner in which the power granted should be performed, such method must be followed as it excludes all others by implication of law and a material departure therefrom is not a colorable compliance. Parks v. West, 102 Tex. 11, 111 S.W. 726; Hill County v. Bryant & Huff-

man, Tex.Civ.App. 264 S.W. 520; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104; Hunt v. Atkinson, Tex.Com.App., 12 S.W.2d 142; McQuillin, Municipal Corporations (5th Ed.) Vol. 1, p. 1061; Consumers' Coal Co. v. City of Lincoln, 109 Neb. 51, 189 N.W. 643, 651; Fisk et al. v. City of Worcester, 219 Mass. 428, 106 N.E. 1025, 1026.

Point 2 raised by Charles Willman et al. contending that the judgment rendered in the former suit is res adjudicata as to the present case, is overruled.

Being of the opinion that the city commission, in passing the ordinances in question and attempting to extend the limits of the city in the manner which it pursued, was acting beyond the scope of its authority, and that the ordinances are therefore void, the judgment of the trial court is hereby reversed and judgment rendered granting to appellants the injunctive relief prayed for.