

# The Attorney General of Texas

December 10, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
LBJ State Office Building
Austin, Texas   78774

Opinion No. MW-408

Re: Validity of city ordinance requiring taxpayers to file copy of sales tax return with city

Dear Mr. Bullock:

You have requested an opinion from this office on the following questions:

> 1. May a city pass an ordinance requiring vendors reporting local sales tax to file a copy of their sales tax return with the city?
>
> 2. May a home rule city pass an ordinance requiring vendors reporting local sales tax to file a copy of their sales tax return with the city?
>
> 3. If a copy of the vendor's sales tax return may be required by the city, is the city legally obligated to keep the return confidential?

Article 1066c, V.T.C.S., the Local City Sales and Use Tax Act, was originally enacted in 1967 and allows the city to adopt a local sales and use tax. The act clearly imposes the tax only on those items subject to the state sales and use tax. Section 5(a) of the act provides that:

> the comptroller shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the Comptroller shall collect, in addition to the Limited Sales, Excise and Use Tax for the State of Texas, an additional tax under the authority of this Act of one percent (1%).... The tax imposed hereunder and the tax imposed under the Limited Sales, Excise and Use Tax Act shall be collected together, if both, are imposed, and reported upon

> such forms and under such administrative rules and
> regulations    as    may    be    prescribed    by    the
> Comptroller....

Sections 5(b), (c), and (d) require the comptroller to make reports on
tax collections to a city if requested.  These provisions underscore
the legislative intent that a city look to the comptroller for
information.

Section 6 of the act provides that:

> [t]he    following    provisions    shall    govern    the
> collection by the Comptroller of the tax imposed
> by this Act:    A.    All    applicable    provisions
> contained in Chapters 1 and 20 of Title 122A shall
> apply to the collection of the tax imposed by this
> Act, except as modified in this Act.

Other provisions of the act, such as sections 2(G), (I), (J),
(K), 4, 6c, and 6d, make it clear that the comptroller is the sole
administrator and collector of the tax, but that the city has a right
to sue in its own behalf.  A prior opinion of this office, Attorney
General Opinion H-274 (1974), concluded that the state comptroller is
the sole collector of taxes under article 1066c, V.T.C.S., although
cities may independently file suit for such taxes and any such tax
monies received by the cities shall be remitted to the state
comptroller for deposit in the state treasury for the city's benefit.

With respect to the authority of cities, no city may pass a law
in conflict with a general statute.  Such a statute, if adopted,
supersedes the conflicting provisions of the city charter.  45 Tex.
Jur.2d Municipal Corporations, §115.  Where the state of Texas has
adopted a general law and applied it to cities of a certain class, no
city may pass legislation in conflict with the general enactment.
Beaumont v. Fall, 291 S.W. 202 (Tex. 1927).  A city is prohibited, not
only from enacting local laws in direct conflict with statutes or
constitutional  provisions,  but  also  from  entering  a  field  of
legislation which has been occupied by general legislation.  City of
Lubbock v. South Plains Hardware, 111 S.W.2d 343 (Tex. Civ. App. -
Amarillo 1937, no writ).  Any reasonable doubt as to the existence of
a power is resolved by the courts against a city.  Foster v. City of
Waco, 255 S.W. 1104 (Tex. 1923).  A city can exercise only those
powers expressly or impliedly conferred by law, and powers will be
implied only when such grant is reasonably incident to those expressly
granted or if essential to the purposes of the city.  Anderson v. City
of San Antonio, 67 S.W.2d 1036 (Tex. 1934).

The home rule amendment to the Texas Constitution, article XI,
section 5, and the enabling legislation, article 1165, V.T.C.S.,
authorizes full power of self-government for home rule cities.  It is
not necessary to look to the legislature for grants of power to home
rule  cities,  but  only  for  limitations  on  their  power.   Such

limitations may be express or implied.  Lower Colorado River Authority v. City of San Antonio, 523 S.W.2d 641 (Tex. 1975).  However, article XI, section 5 of the Texas Constitution and article 1165, V.T.C.S., both provide that a home rule charter ordinance shall not contain any provisions inconsistent with a general statute.  See also Burch v. City of San Antonio, 518 S.W.2d 540 (Tex. 1975); Berry v. City of Fort Worth, 124 S.W.2d 842 (Tex. 1939).  We believe that the legislature intended the comptroller to be the sole administrator and collector of local sales and use taxes pursuant to article 1066c, V.T.C.S., and that the cities' powers are limited to filing lawsuits to recover delinquent taxes.  A city's request that a taxpayer file a local sales and use tax return with the city is inconsistent with the power granted the comptroller as administrator and collector of local sales and use taxes.

Additionally, it should be noted that article 20.11(G)(1), Taxation-General, V.T.C.S., provides that "...all information secured, derived or obtained from any record, report, instrument or copy thereof, required to be furnished under the terms of this Chapter, shall be and shall remain confidential and not open to public inspection."  The words "this Chapter" refers to chapter 20 of the Texas Limited Sales and Use Tax Act, which has been made applicable to the collection of local sales and use taxes by section 6 of article 1066c, V.T.C.S.  Thus, the confidentiality required by article 20.11(G)(1) would be breached by the filing of copies of sales tax returns with a city.

## S U M M A R Y

A city subject to the Local Sales and Use Tax Act may not by ordinance require a vendor to file with the city a copy of its sales tax return required by statute to be filed with the comptroller.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bradley Seals
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bradley Seals