Honorable Bob Bullock Comptroller of Public Accounts LBJ State Office Building Austin, Texas 78774
Re: Validity of city ordinance requiring taxpayers to file copy of sales tax return with city
Dear Mr. Bullock:
You have requested an opinion from this office on the following questions:
 1. May a city pass an ordinance requiring vendors reporting local sales tax to file a copy of their sales tax return with the city?
 2. May a home rule city pass an ordinance requiring vendors reporting local sales tax to file a copy of their sales tax return with the city?
 3. If a copy of the vendor's sales tax return may be required by the city, is the city legally obligated to keep the return confidential?
Article 1066c, V.T.C.S., the Local City Sales and Use Tax Act, was originally enacted in 1967 and allows the city to adopt a local sales and use tax. The act clearly imposes the tax only on those items subject to the state sales and use tax. Section 5(a) of the act provides that:
 the comptroller shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the Comptroller shall collect, in addition to the Limited Sales, Excise and Use Tax for the State of Texas, an additional tax under the authority of this Act of one percent (1%). . . . The tax imposed hereunder and the tax imposed under the Limited Sales, Excise and Use Tax Act shall be collected together, if both, are imposed, and reported upon such forms and under such administrative rules and regulations as may be prescribed by the Comptroller. . . .
Sections 5(b), (c), and (d) require the comptroller to make reports on tax collections to a city if requested. These provisions underscore the legislative intent that a city look to the comptroller for information.
Section 6 of the act provides that:
 [t]he following provisions shall govern the collection by the Comptroller of the tax imposed by this Act: A. All applicable provisions contained in Chapters 1 and 20 of Title 122A shall apply to the collection of the tax imposed by this Act, except as modified in this Act.
Other provisions of the act, such as sections 2(G), (I), (J), (K), 4, 6c, and 6d, make it clear that the comptroller is the sole administrator and collector of the tax, but that the city has a right to sue in its own behalf. A prior opinion of this office, Attorney General Opinion H-274 (1974), concluded that the state comptroller is the sole collector of taxes under article 1066c, V.T.C.S., although cities may independently file suit for such taxes and any such tax monies received by the cities shall be remitted to the state comptroller for deposit in the state treasury for the city's benefit.
With respect to the authority of cities, no city may pass a law in conflict with a general statute. Such a statute, if adopted, supersedes the conflicting provisions of the city charter. 45 Tex. Jur.2d Municipal Corporations, § 115. Where the state of Texas has adopted a general law and applied it to cities of a certain class, no city may pass legislation in conflict with the general enactment. Beaumont v. Fall, 291 S.W. 202 (Tex. 1927). A city is prohibited, not only from enacting local laws in direct conflict with statutes or constitutional provisions, but also from entering a field of legislation which has been occupied by general legislation. City of Lubbock v. South Plains Hardware,111 S.W.2d 343 (Tex.Civ.App.-Amarillo 1937, no writ). Any reasonable doubt as to the existence of a power is resolved by the courts against a city. Foster v. City of Waco, 255 S.W. 1104
(Tex. 1923). A city can exercise only those powers expressly or impliedly conferred by law, and powers will be implied only when such grant is reasonably incident to those expressly granted or if essential to the purposes of the city. Anderson v. City of San Antonio, 67 S.W.2d 1036 (Tex. 1934).
The home rule amendment to the Texas Constitution, article XI, section 5, and the enabling legislation, article 1165, V.T.C.S., authorizes full power of self-government for home rule cities. It is not necessary to look to the legislature for grants of power to home rule cities, but only for limitations on their power. Such limitations may be express or implied. Lower Colorado River Authority v. City of San Antonio, 523 S.W.2d 641 (Tex. 1975). However, article XI, section 5 of the Texas Constitution and article 1165, V.T.C.S., both provide that a home rule charter ordinance shall not contain any provisions inconsistent with a general statute. See also Burch v. City of San Antonio,518 S.W.2d 540 (Tex. 1975); Berry v. City of Fort Worth,124 S.W.2d 842 (Tex. 1939). We believe that the legislature intended the comptroller to be the sole administrator and collector of local sales and use taxes pursuant to article 1066c, V.T.C.S., and that the cities' powers are limited to filing lawsuits to recover delinquent taxes. A city's request that a taxpayer file a local sales and use tax return with the city is inconsistent with the power granted the comptroller as administrator and collector of local sales and use taxes.
Additionally, it should be noted that article 20.11(G)(1), Taxation-General, V.T.C.S., provides that `. . . all information secured, derived or obtained from any record, report, instrument or copy thereof, required to be furnished under the terms of this Chapter, shall be and shall remain confidential and not open to public inspection.' The words `this Chapter' refers to chapter 20 of the Texas Limited Sales and Use Tax Act, which has been made applicable to the collection of local sales and use taxes by section 6 of article 1066c, V.T.C.S. Thus, the confidentiality required by article 20.11(G)(1) would be breached by the filing of copies of sales tax returns with a city.
 SUMMARY
A city subject to the Local Sales and Use Tax Act may not by ordinance require a vendor to file with the city a copy of its sales tax return required by statute to be filed with the comptroller.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bradley Seals Assistant Attorney General