

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 31, 1992

Honorable Chet Brooks
Chairman
Committee on Health and Human Services
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-194

Re: Whether a home rule city may sponsor a non-profit, no-share corporation, and related questions (RQ-441)

Dear Senator Brooks:

You have requested an opinion regarding whether a home rule city may sponsor a non-profit, no-share corporation. You explain that the City of Texas City (the "city"), a home rule city, would like to sponsor a non-profit, no-share corporation incorporated pursuant to the Texas Non-Profit Corporation Act, V.T.C.S. article 1396-1.01 *et seq.* The city commission would approve the corporation's articles of incorporation, authorize the incorporators to file the articles with the secretary of state, and appoint the corporation's board of directors. The corporation would issue bonds to finance the acquisition and renovation of a vacant building that would be leased to city, county, state and private social, educational, and community organizations to provide services to at-risk children.[1]

You first ask whether the city has the authority to sponsor such a corporation.[2] The Texas Constitution grants home rule cities all the power of self-government not *expressly* denied them by the legislature. Tex. Const. art. XI, § 5; *see Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975); *Forwood v. City of Taylor*, 214 S.W.2d 282 (Tex. 1948). The Texas Constitution prohibits a home rule city from enforcing any legislation inconsistent with state laws or the state constitution. Tex. Const. art. XI, § 5. We are not aware of any legislation which prohibits the city from sponsoring such a corporation. Article III, section 52 of the Texas Constitution, however, provides that various governmental entities, including cities, are not authorized "to

---

[1]This office expresses no opinion as to whether bonds issued by such a corporation would be tax-exempt under the United States Internal Revenue Code.

[2]We consider only whether the city is authorized to sponsor such a corporation under state law. You do not ask, and we do not address, whether the city's charter authorizes it to do so. *See, e.g., Anderson v. City of San Antonio*, 67 S.W.2d 1036, 1037 (Tex. 1934); *Davis v. City of Taylor*, 67 S.W.2d 1033, 1034 (Tex. 1934).

lend . . . credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company." Similar prohibitions are contained in article XI, section 3 of the Texas Constitution.[3] Thus, we must consider whether the city's proposal is prohibited by these constitutional provisions as a lending of credit or a holding of stock in a corporation.

In Attorney General Opinion M-1023 (1971), this office considered whether a City of Waco plan to form a non-profit, no-share corporation to issue bonds for the purpose of acquiring and improving land for an industrial development would violate article III, section 52 or article XI, section 3 of the Texas Constitution. This office concluded that there would be no lending of the city's credit and no granting of public money or thing of value based on the city's assurances that it would not be liable for the bond indebtedness. Attorney General Opinion M-1023 at 7; *see also* Attorney General Opinion MW-85 (1979) at 3-4 ("it is clearly established that 'debt' and 'lending of credit' do not occur when bonds are issued which are payable solely from revenues"); *cf.* Attorney General Opinion JM-1227 (1990). With respect to the question of whether the city would engage in the constitutionally prohibited activity of holding stock, that opinion concluded that "the constitutional prohibitions do not apply to the situation outlined in your letter, inasmuch as the City will merely charter a no-stock non-profit corporation and there shall be no members of the corporation." Attorney General Opinion M-1023 at 7-8; *see also* Attorney General Opinion MW-85 at 3.

A brief submitted by the city suggests that the city's plan would not run afoul of article III, section 52 or article XI, section 3 because

> [t]he sole security for the payment of the Bonds will be the revenue generated from the leasing of the Project facilities and a mortgage (deed of trust) of the Project facilities. No City funds or other City resources will be used to pay the Bonds or maintain the Project, and the credit of the City will not be pledged, directly or indirectly, to secure the Bonds.

---

[3]Article XI, section 3 provides:

> No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law or to prevent a county, city, or other municipal corporation from investing its funds as authorized by law.

Assuming that these assertions in the city's brief are true and additionally that no city funds or resources will be used to aid the corporation in any other manner,[4] we agree that the city's plan is constitutionally permissible. *See* Attorney General Opinion M-1023 at 7. Relying on Attorney General Opinion M-1023, we also conclude that the city would not contravene the constitution's prohibition against holding stock in a corporation by establishing a no-share corporation.[5] *Id.* at 7-8.

You ask also if "there would be a legal issue of the corporation's financing a facility allowing for the co-location of service agencies that provide services to some non-residents of Texas City?" Article III, section 52 of the Texas Constitution prohibits transfers of funds between governmental entities, as well as transfers between governmental entities and private entities or individuals. *See, e.g., Harris County Flood Control Dist. v. Mann,* 140 S.W.2d 1098 (Tex. 1940); *San Antonio Indep. Sch. Dist. v. Board of Trustees of San Antonio Elec. & Gas Sys.,* 204 S.W.2d 22 (Tex. Civ. App.--El Paso 1947, writ ref'd n.r.e.). We understand from the city's brief, however, that no city funds will be used to finance the corporation or its facility. Therefore, we conclude that the proposed corporation would not result in a transfer of funds between the city and any other governmental entity, private entity or individual.

Finally, you also ask whether the common-law doctrines prohibiting the holding of incompatible offices or conflicts of interest would preclude a city commissioner from serving as a director of the proposed corporation. The prohibition against holding incompatible offices applies only to dual public offices and is therefore inapplicable here because a position on the board of the non-profit corporation is not a public office. *See* Attorney General Opinion H-1309 (1978) at 1 (concluding that doctrine prohibiting holding of incompatible offices does not apply where one office is not a public office); *see also* Attorney General Opinion JM-1065 (1989) at 2-3 (concluding that position on board of non-profit corporation is not a public office).

The common-law doctrine prohibiting conflicts of interest of local public officials, including city commissioners, has been superseded by chapter 171 of the Local Government Code. *See* Local Gov't Code § 171.001(1) (defining "local public official");

---

[4]We note that the brief also states that "City officers and employees will perform staff functions for the Corporation if directed to do so by the City Commission. . . . City personnel will not perform staff functions for the Corporation without appropriate compensation to the City." The contribution of personnel to the corporation would constitute a grant of public money. Attorney General Opinion MW-89 (1979). Such a grant is permissible only if it is made for adequate consideration, accomplishes a public purpose and is accompanied by controls that ensure that it is used only for a public purpose. *See generally* Attorney General Opinions JM-1229, JM-1146 (1990); JM-1030 (1989).

[5]Because we have concluded that this home-rule city is not precluded by statute or the constitution from establishing the corporation, we need not address your questions regarding whether the City of Texas City Industrial Development Corporation or various governmental subdivisions may issue tax-exempt bonds for this purpose.

Attorney General Opinion JM-424 (1986) (concluding that predecessor statute modified common law regarding conflicts of interest). That chapter contains a provision which expressly permits a local public official "to serve as a member of the board of directors of private nonprofit corporations when such officials receive no compensation or other remuneration from the nonprofit corporation or other nonprofit entity." Local Gov't Code § 171.009. Thus, chapter 171 of the Local Government Code permits a city commissioner to serve as a director of the corporation, provided he or she receives no compensation or other remuneration for doing so.

## S U M M A R Y

The city's proposal to establish a non-profit, no-share corporation does not run afoul of article III, section 52 or article XI, section 3 of the Texas Constitution. The common-law doctrine prohibiting the holding of incompatible offices does not preclude a city commissioner from serving as a director of the proposed corporation. The common-law doctrine prohibiting conflicts of interest does not preclude a city commissioner from serving on the corporation's board of directors because chapter 171 of the Local Government Code expressly permits a city commissioner to do so, provided he or she receives no compensation or other remuneration.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General