GEORGE VAUGHN, Respondent, v. THE VILLAGE OF GREENCASTLE, Appellant.

**Kansas City Court of Appeals, January 4, 1904.**

1. **MUNICIPAL CORPORATIONS: Villages: Powers: Parks.** Municipal corporations possess and can exercise other powers. than those expressly granted, provided they are necessarily and fairly implied in or incident to the powers expressly granted; but under the statutes of Missouri a village has no power to. purchase and hold real estate for a park.

2. ———: ———: **Definitions: Legitimate Purposes.** "Legitimate purposes," as applied to acts of municipal corporations, means. such purposes as are authorized by the charter, and villages. have no general power to deal in real estate.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED.

*Wattenbarger & Bingham* and *Calfee & Eubanks* for appellant.

(1)   The court erred in holding that under the law and the evidence plaintiff was entitled to recover. The legislature by an act passed in 1895, now section 6067, R. S. 1899, confers upon cities the authority to purchase. land for park purposes, and describes the manner in. which it shall be done, that is by an ordinance describing the land purchased by metes and bounds. (2)   The well established rule of law is, that municipal corporations possess and can exercise the following powers and none other. 1st.   Those granted in express words. 2d.   Those necessarily or fairly implied, or incident to the power expressly granted. 3d.   Those essential to the declared objects and purposes of the corporation—

not simply convenient, but indispensable. And any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the corporation. 1 Smith on Municipal Corp., sec. 562; Knapp v. Kansas City, 48 Mo. App. 485; Trenton v. Clayton, 50 Mo. App. 535 and cases cited. (3) Neither the corporation or its officers, can do any act or incur any liabilities in excess of its powers, and all such acts are void.

*Wilson & Clapp* for respondent.

(1) Villages organized and existing under the general laws of this State have the right to purchase and hold real estate for park purposes. R. S. 1899, sec. 6004; Knapp v. Kansas City, 48 Mo. App. 485. Section 6067 and other sections of article 7 are not germane to the matter in hand. Neither is section 6010 apropos or applicable. (2) The right to purchase land was in this particular instance exercised by the town board in a legal manner. R. S. 1899, art. 6, chap. 91; R. S. 1899, secs. 6004, 6005; Eichenlaub v. St. Joseph, 113 Mo. 395; State ex rel. v. Milling Co., 156 Mo. 620.

BROADDUS, J.—Defendant is a village organized under article 6, chapter 91, Revised Statutes 1899. On March 6, 1892, at a meeting of the board of trustees of said village a motion was made that the board discuss the proposition of buying a piece of land for the purpose of converting the same into a park for the benefit of the village. After some discussion a further motion was made and carried that the chairman appoint a committee of three to act for the village and negotiate with one George Vaughn to purchase from him one and one-half acres of land for said park. A committee was accordingly appointed which at an adjourned meeting of the board reported favorably and that they had agreed to purchase amount of land named from said Vaughn for $250 and that he had agreed to make a deed for the

same on an advance payment of the purchase price. A motion was made and carried to accept said report, whereupon, on motion made and carried, a warrant was drawn on the village treasurer for fifty dollars advance payment and issued to said Vaughn who thereupon made a deed to the property in question in favor of the village and deposited same with a third party. Afterwards, the defendant refused to accept said deed and further refused to pay the warrant for $50 advance payment, so issued as aforesaid. This suit is to compel payment of the same. Plaintiff recovered judgment and defendant appealed.

The defendant contends that under the statutes, which is its charter, it had no authority to purchase land for a park; and that if it had had such authority it could only exercise it in the manner provided by law: that is, by ordinance.

Section 6004 of said article six and chapter 91, Revised Statutes, amongst other things provides that a village, " . . . may grant, purchase, hold and receive property, real and personal, within such town, and no other, burial grounds and cemeteries excepted, and may lease, sell and dispose of the same for the benefit of the town," etc. Under this proviso there can be no question of the right of an incorporated village to purchase real property; but it can hardly be contended that it can do so except for village purposes. In fact, there is no such claim upon the part of plaintiff.

Section 6010, of said article, provides that a board of village trustees shall by ordinance have the power to "erect and maintain calabooses, poorhouses and hospitals," and "to organize and maintain fire companies," etc. The power being conferred to purchase and hold real estate, it is a necessary inference that the power to erect and maintain poorhouses, hospitals and fire companies and the village for these purposes was authorized to purchase, hold and receive real estate. And these powers granted to villages are almost indispens-

able to their existence as minor municipal departments of state government. Said section 6010, contained in more than an entire page of the statutes, specifically enumerates all the powers which a village may exercise by way of by-laws and ordinances, and in which no reference is made whatever to parks.

It is, however, the law that a municipal corporation possesses and can exercise powers other than those expressly granted, viz.: ''Those necessarily or fairly implied in or incident to the powers expressly granted,'' and ''those essential to declared objects and purposes of the corporations—not simply convenient, but indispensable.'' Knapp v. Kansas City, 48 Mo. App. 485, and cases there cited. The power of a village to purchase and hold real estate for park purposes not being expressly granted we must look to the different provisions of the article in question in order to ascertain if there be any from which such power may be reasonably implied, and as no words can be found therein which even in the remotest degree contemplate that villages are authorized to establish and maintain parks, there is nothing from which an inference in that respect may be implied.

But it is insisted that as the purpose for which land may be purchased and held is not prescribed, defined or limited, it can therefore be bought and held for any legitimate purpose. But the term ''legitimate purpose,'' as applied to the acts of municipal corporations, means such a purpose as is authorized by the municipal charter. It was not the intention of the Legislature to clothe incorporated villages with general power to deal in real estate in all instances where it was not actually prohibited, for instance, as a private person might do.

A village park may be in some sense an attraction and a convenience to a village, but it is not indispensable. And it seems that it was not so considered by the Legislature. Article 7 of said chapter makes pro-

visions for parks for cities—but no such provision can be found anywhere in the chapter relating to parks for villages. The provision in the one instance for parks and the omission in the other to so provide for villages is a very clear intimation that the Legislature did not deem them indispensable to the latter. And taking into consideration the entire law governing cities, towns and villages, we find no authority vesting in the trustees of the latter the right to purchase real estate for park purposes.

It follows that as there is no express authority in the village charter, and none to be implied, and the park not being indispensable, the defendant was without authority of any kind to make the purchase of the land for the purpose contemplated. Such being our holding the remaining question is of no importance and therefore not decided.

The cause is reversed. All concur.