W. M. FOSTER ET AL. V. CITY OF WACO ET AL.

No. 3362.    Decided November 21, 1923.

(255 S. W., 1104.)

**1.—Cities—Contracting Debt.**

Though a power conferred by statute may imply the power necessary to make that effectual, when a power is granted and the method of its exercise prescribed that method excludes all others.    (P. 354).

**2.—Same—Cemeteries—Case Stated.**

The City of Waco was authorized by its charter to create debts payable otherwise than out of current revenues, either by issuance of bonds on vote of the people, payable from taxes levied for that purpose as required by the Constitution; or by creating a deficit of not more than $50,000, to be included in the city's budget for the next year and met by its tax levy therein.  *Held* that its power to provide cemeteries and contract indebtedness therefor must be exercised in one of these specified ways.    It could not do so by issuing its nine promissory notes for $5000 each, payable one annually for nine years.    A taxpayer could prevent by injunction the payment of notes so issued.    (Pp. 352-356).

**3.—Cities—Creating Debt—Implied Powers.**

The mere grant of power to the city to provide cemeteries could not imply a power to create a debt by notes running for a term of years, because not necessary to the power granted; the charter providing other means therefor the officers of the city were limited to those expressly granted.    (Pp. 335, 356).

Certificate of dissent from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Foster and others sued the City of Waco and D. R. Byrum, and appealed from an adverse judgment entered on general demurrer to their petition.    The ruling below was affirmed by a majority of the court, with dissent by Mr. Justice Jenkins, and, pending a motion for rehearing, the case was certified to the Supreme Court.

*Scott & Ross*, for appellants, cited:    Rev. Stats., Art. 4643, subd. 1; Waco City Charter, art. 202; Courand v. Vollmer, 31 Texas, 397; 5 Cyc,. 729, subd. 1; Rev. Stats., art. 605; First Natl. Bank v. Greenville Natl. Bank, 84 Texas, 43; Cayce v. Curtis, Dallam, 403; Clayton v. Mooring, 42 Texas, 182; Foster v. Champlin & Co., 29 Texas, 22; Dillon on Munic. Corp., sec. 882; City of Terrell v. Dessaint, 71 Texas, 774; Citizen's Natl. Bank v. Terrell, 78 Texas, 456.

*W. H. Jenkins* and *E. C. Street*, for appellees.

A municipal corporation having the right to acquire lands for cemetery purposes has the right to execute notes in payment therefor, in the absence of an express provision forbidding same, either in its charter or in the fundamental law of the State. Stratton v. Commissioners Court, 137 S. W., 1170.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This suit was brought by W. M. Foster and the Early Foster Company, a corporation, against the City of Waco, a municipal corporation, and D. R. Byrum. The petition alleged in substance that the City of Waco had entered into a contract with appellee Byrum, by which the city became the purchaser of two hundred acres of land for cemetery purposes. It was alleged that the purchase price for the land was $50,000, $5,000 of which was paid· in cash, and for the remaining $45,000 the City executed nine promissory negotiable notes for $5,000 each, payable to Byrum, bearing six per cent, per annum interest, dated January 1, 1918,—the first of which would mature January 1, 1919, and one of the others on the first day of each succeeding January up to and including January 1, 1927.

It was stated that the ordinance or resolution passed by the Board of Commissioners of the City authorizing the purchase of the property contained a provision to the effect that there should be· levied upon all the taxable property within the City an amount sufficient to produce in each year the principal sum of one of the notes, and interest on all, until the last of the notes had been paid and discharged. It was further pleaded that as to whether or not the City should issue the notes referred to had never been submitted to the voters of the municipality, and therefore, on that account, the obligations were illegally issued, and the City had no right to collect taxes for the purpose of paying them. The petition likewise alleged that the appellants owned property within the City subject to taxation, and were entitled to restrain the enforcement of the contract referred to. Prayer was made for an injunction restraining the City and its officers from the collection of the taxes to pay the notes, and for a decree cancelling the same. The trial court sustained a general demurrer to the petition, from which action appellants appealed to the Court of Civil Appeals for the Third District. A majority of that court held the City had authority to execute and deliver the notes without submitting that question to the qualified voters of the City, and affirmed the judgment, Associate Justice Jenkins dissenting. Pending action on the motion for new trial, the dissent has been certified to this Court.

Since the City, by virtue of Articles 227 and 271 of its charter, had express power to acquire cemeteries, the only question here involved is whether or not it had authority to purchase the land on the terms above stated.

It is not contended that the charter contained any express grant of power to execute the contract and notes in question. However, the insistence is here made, and the majority opinion of the Court of Civil Appeals hold, that the power to create the debt and execute the notes in question is necessarily implied as resulting from the power expressly conferred to establish cemeteries. This is based upon the familiar rule that wherever a power is given by statute, everything necessary to the making effectual or requisite to attain the end is implied. Kent's Commentaries (13th ed.), Vol. 1, p. 551 (464).

We recognize the rule, but it has no application here. Another rule, equally well recognized, applies to and controls this case, to-wit: that where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed. The Citizens Bank v. The City of Terrell, 78 Texas, 450, 456, 14 S. W. 1003; Bryan v. Sundberg, 5 Texas, 209 (417-418); See notes 1 Kent's Commentaries (13th ed.), p. 556 (467); Blankenship v. City of Sherman, 76 S. W., 805 (writ refused); Lewis' Sutherland on Statutory Construction, Vol. 2, §§ 572, 627, 628, 631; 36 Cyc., 112; Whiting v. Town of West Point, 15 L. R. A., 861.

The charter of the City of Waco expressly authorized its Board of Commissioners to create debts, payable other than out of current revenue, in two ways: First, under Articles 202 et seq. of its charter, by the issuance of bonds upon a vote of the people, payable out of taxes levied for the purpose as provided for in the State Constitution; and second, by the creation of a deficit in a limited amount, payable out of the current revenue for the next succeeding year. The latter provision, contained in Article 211 of the City charter, in effect declares that, in the event the revenues of the City for any one year should not be sufficient "to meet the legitimate expenditures," the Board of Commissioners may incur a deficit over and above the revenues to the extent of 50,000, and no more, the excess, if any, over that amount being "absolutely null and void."

The time and manner of paying the excess of "legitimate expenditures" over the revenue within the limits specified is prescribed as follows:

". . . it shall be the duty of the Board of Commissioners to include the amount of such deficit in its budget of expenses to be provided for at the next succeeding tax levy, and the City Auditor shall include the same in the estimate which he is required to furnish to the Board of Commissioners annually of all the revenues and expenses from which such budget is made, and *said Board shall fix a rate of taxation for said year sufficient to pay off and discharge such deficit,* as well as meet the estimated current expenses of said year." (Italics ours).

It can not be doubted that the purchase of cemetery land is a "legitimate expenditure" within the meaning of this Article of the

Charter. "Legitimate expenditures" merely means those that are lawful. Vaughn v. Village of Green Castle (104 Mo. App., 206, 78 S. W., 50; 51.

Since the Charter of the City has specially provided that it may incur debts by means of bonds and the deficit provided for in Article 211, and since the purchase of cemeteries is plainly within the purview of both provisions, it follows, under the rule announced, that these methods are exclusive; and since the notes and contract were not executed in substantial compliance with either, they are void. The Citizens Bank v. Terrell, 78 Texas, 451, 14 S. W., 1003; Ruling Case Law, Vol. 19, §§ 290, 291.

Aside, however, from the fact that neither of the methods provided by the City for the creation of debts has been followed, it is apparent that the mere grant of power to acquire cemeteries does not carry with it, under the terms of the Charter, implied authority to make the contract and execute the notes involved in this suit.

It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others:* First, those granted in *express words;* second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted, third, those *essential* to the accomplishment of the declared objects and purposes of the corporation,—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void. I Dillon on Municipal Corporations, (5th ed), § 237; 28 Cyc. p. 1533; 19 R. C. L., § 75; City of Brenham v. Brenham Water Cc., 67 Texas, 542, 553, 554, 4 S. W., 143; The Citizens Bank v. The City of Terrell, 78 Texas, 456, 14 S. W., 1003.

It is apparent that authority to execute and issue long time notes is not indispensable, under the Charter of the City of Waco, to the exercise of the power to purchase cemeteries. Cemetery grounds could be lawfully purchased out of the current revenues of the City, or by incurring a deficit not in excess of $50,000, payable as provided for in Article 211; or they could be purchased out of the proceeds of bonds issued under Article 202.

The charter provision authorizing the purchase of cemeteries, when interpreted in connection with Articles 211 and 202 (the lawful deficit and bond sections), thereof, does not carry with it, by necessary or fair implication as incidental thereto, authority to incur debts extending over a series of years.

A municipal power will be implied only when without its exercise the expressed duty or authority would be rendered nugatory. Cleburne v. Gulf, etc. Ry. Co., 66 Texas, 457, 461, 1 S. W., 342.

To deny the implied authority to issue the notes in this case does not render nugatory the expressed power to purchase cemeteries as above shown.

This Court has held that authority to borrow money, create a debt, or issue bonds, was not necessarily incident to the power to build court houses, or to buy grounds and build school houses. Robertson v. Breedlove, 61 Texas, 316; Waxahachie v. Brown, 67 Texas, 519, 528, 4 S. W., 207.

The Supreme Court of the United States has announced the same rule. Claiborne County v. Brooks, 111 U. S., 401, 406, 28 L. Ed., 470.

The reasons given in these cases apply with equal force to the subject now before us, and clearly demonstrate, we believe, that the mere grant of authority to purchase cemetery grounds, in view of the other Articles of the Charter referred to by us, does not carry with it, by implication, the power of incurring a debt running over a series of years, evidenced by notes, as in this case.

It follows from what we have said that we are of the opinion that the obligations described in the appellants' petition in the court below are void, and the trial court erred in sustaining a general demurrer to the petition.