

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS

WILL WILSON

ATTORNEY GENERAL

Honorable C. K. Ford
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion O-7458
Re: Establishment of hospital
by precinct

We have received your letter of October 8, 1946, which we quote, in part, as follows:

"The Commissioner's Court and County Judge of this county has requested that I send you my opinion on the question of a precinct of this county establishing, equiping, maintaining, and operating a hospital through a vote on bonds and a tax for such purposes; and ask that you give me an opinion on the matter."

Article 4478, Revised Civil Statutes of Texas, provides, in part as follows:

"The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the voters of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:

". . .

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

". . ." (Emphasis added)

It is evident that if this article authorizes the establishment of a hospital and the issuance of hospital bonds by a precinct of the county, then the word "county" includes "precinct." However, we believe it obvious that this was not the legislative intent.

It is well-settled that the power to issue negotiable bonds is beyond the scope of power of a municipal corporation unless it is specially granted by law, and that any doubt as to such power will be resolved against its existence. City of Brenham v. German American Bank, 144 U. S. 173, 549; Peck v. City of Hempstead, 65 S. W. 653; 30 Tex. Jur. 402.

In the case of Kell v. Pulte, 10 S. W. (2d) 694 (Com. App.), the court had the following to say:

"The power to issue negotiable paper for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or county unless it be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant. Foster v. City of Waco, 113 Tex. 354, 255 S. W. 1104."

It is clear, upon a reading of Article 4478, et seq., and the original act as passed by the Legislature in 1913 (Acts 33rd Leg. Ch. 39), that only a county-wide application was intended. Nowhere in the act is a precinct authorized or empowered to establish a hospital.

It will be noted that in Article 752a, Vernon's Annotated Texas Statutes, authorizing the issuance of road bonds, the words "county, or any political subdivision of a county" are used. If "county" included its political subdivisions, then the inclusion of "or any political subdivisions of a county" would have been pointless. We hold, however, that the political subdivision would not have had that power without the specific authorization. The authorities cited above amply support this conclusion.

You are advised, therefore, that Article 4478, authorizing counties
to establish, etc., a county hospital and to issue county bonds for the
establishment, enlargement, and equipment of said county hospital,
has no application to a precinct of the county as such, and that the
precinct is without corresponding power.  You are further advised that
an examination of all other applicable statutes fails to reveal any
law empowering a precinct to establish a hospital and issue bonds
therefor.   It follows, therefore, that no such power exists.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

s/  George W. Sparks


By
George W. Sparks
Assistant

GWS:v/ldw

APPROVED OCT. 22, 1946
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN