

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 17, 1950

Hon. Joe L. Cox
County Attorney
Hale County
Plainview, Texas

Opinion No. V-1085.

Re: The authority of the
Commissioners' Court
to give a veterans
service organization
a long term lease on
a portion of real pro-
perty originally ac-
quired for road pur-
poses.

Dear Mr. Cox:

Your request for an opinion is as follows:

"The Commissioners Court of Hale County, has asked me to seek the opinion of the Attorney General to the following question:

"Many years ago, the County of Hale acquired the title to certain real property in Hale County, by deed, for the purpose of public roads. Subsequently, changes in the roadway were made, leaving a tract of land, triangular in shape and being about two acres in size. The County still has ownership of this land and has made no use of it for a number of years. The VFW Post of Hale Center, Texas, is trying to gain title to this land. I have advised the Court that, in my opinion, the only way the County may divest themselves of title is in accordance with Article 1577, VCS, 1925.

"Some members of the Court are of the opinion that the county may make a valid lease of this property for a term of forty (40) years, at a ground rent of $5.00 per year. I have not found any authority in a Commissioner's Court to take such action, and the Court has instructed me to seek an opinion of the Attorney General as to validity of such a lease."

Hon. Joe L. Cox, page 2 (V-1085)

Section 1 of Article 1577, V.C.S., provides in part:

"The Commissioners Court may, by an order to be entered on it. minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title, and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any Commissioners Court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

The authority of the Commissioners' Court to sell real property is strictly limited to the modes and methods set out in Article 1577 of Vernon's Civil Statutes, and the court is unauthorized to sell real property except in the manner provided therein, for when a right or power is granted and the method of its exercise is prescribed, the prescribed method excludes all others. Ferguson v. Halsell, 47 Tex. 421 (1877); City of Bryan v. Page, 51 Tex. 532 (1879); Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104 (1923); Slater v. Ellis County Levee Improvement District, 120 Tex. 272, 36 S.W.2d 1014 (1931).

We, therefore, agree with your conclusion that the only way Hale County may divest itself of title is in accordance with Article 1577.

Article 1577, V.C.S., further provides:

". . . the Commissioners Court of any county in this State having a population in excess of forty-five thousand (45,000), according to the last preceding or any future Federal Census, which said county borders on the International Boundary between the United States of America and the Republic of Mexico, may elect, in the manner hereinafter provided for, to sell or lease any real estate, together with any improvements and appurtenances thereto, said procedure therefor to be governed

Hon. Joe L. Cox, page 3   (V-1085)

by the following provisions: . . ."

Since Hale County does not fall within the above classification, the authority to lease real estate set out in Article 1577 is not applicable to this county. We know of no other constitutional or statutory authority which would authorize the Commissioners' Court of Hale County to lease the property of the county to the Veterans of Foreign Wars.

The Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the Constitution and statutes of this State, either by express terms or by necessary implication. Tex.Const., Art.V, Sec.18; Von Rosenburg v. Lovett, 173 S.W. 508 (Tex.Civ.App.1915, error ref.); Galveston H. & S.A.Ry. v. Uvalde County, 167 S.W.2d 305 (Tex.Civ.App.1942, error ref. w.o.m.).

It was held in Attorney General's letter opinion to Hon. George T. Avery, County Attorney of Fannin County, dated February 17, 1948, that Fannin County did not have the authority to lease property belonging to the county for the purpose of erecting a radio station.

Since we fail to find any authority authorizing the Commissioners' Court of Hale County to lease the property in question, you are advised that the Court does not have authority to give a veterans service organization a long term lease on such property.

### SUMMARY

The Commissioners' Court of Hale County does not have authority to execute a lease on a portion of real property originally acquired by the County for road purposes. The authority of the Court to dispose of such real estate is limited to the modes and methods authorized by Article 1577, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant
JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant