

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 19, 1951

Hon. Reagan H. Legg
County Attorney
Midland County
Midland, Texas

Opinion No. V-1208

Re: Authority of the coun-
ty to require that suc-
cessful bidders on con-
struction projects shall
purchase the statutory
performance bond from a
local surety company
agent.

Dear Sir:

You have requested an opinion concerning the
authority of the county to require that successful bid-
ders on public construction projects shall purchase the
statutory performance bond from a local surety company
agent.

Section 2 of Article 2368a, V.C.S., reads in
part as follows:

"No county, acting through its Commis-
sioners Court, and no city in this State
shall hereafter make any contract calling
for or requiring the expenditure or payment
of T w o Thousand ($2,000.00) Dollars or more
out of any fund or funds of any city or coun-
ty or subdivision of any county creating or
imposing an obligation or liability of any
nature or character upon such county or any
subdivision of such county, or upon such
city, without first submitting such proposed
contract to competitive bids. . . . The
court and/or governing body shall have the
right to reject any and all bids, and if the
contract is for the construction of public
works, then the successful bidder shall be
required to give a good and sufficient bond
in the full amount of the contract price,
for the faithful performance of such con-
tract, <u>executed by some surety company au-
thorized to do business in this State</u> in
accordance with the provisions of Article
5160, Revised Statutes of 1925, and amend-
ments thereto. . . ." (Emphasis added
throughout.)

Hon. Reagan H. Legg, page 2  (V-1208)

It is a well-recognized rule of statutory construction that "where a power is granted and the method of its exercise prescribed, the prescribed method excludes all others and must be followed." Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104, 1105 (1923); 3 Sutherland Statutory Construction (3rd Ed.1943), 117, Sec. 5822.

This office, following the decisions of the Texas courts, has repeatedly held that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication, by the Constitution and statutes of this State. 11 Tex. Jur. 632, Counties, Sec. 95; Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1926).

In Article 2368a the Legislature has declared that successful bidders for the construction of public works "shall be required to give a good and sufficient bond . . . . executed by some surety company authorized to do business in this State in accordance with the provisions of Article 5160, Revised Statutes of 1925, and amendments thereto." Thus, the Legislature has unmistakably set the requirements for the selection of sureties on bonds of this nature, and the commissioners' court is bound by such requirements.

We therefore agree with you that commissioners' courts are without authority to require that successful bidders on construction contracts awarded under Article 2368a shall purchase the statutory performance bond from local surety company agents.

### SUMMARY

Commissioners' courts are without authority to require that successful bidders on construction contracts awarded under Article 2368a, V.C.S., shall purchase the

statutory performance bond from local
surety company agents.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

WHH:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *William H. Holloway*
William H. Holloway
        Assistant