

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August  31, 1961

Honorable Harold Green
County Attorney
Lynn County
Tahoka, Texas

Opinion No. WW-1129

Re:  Whether Lynn County may
legally enter into an
agreement with the City of
Tahoka relative to con-
struction of an airport
on city held property and
related questions.

Dear Mr. Green:

You state by your opinion request that the City
of Tahoka has acquired by written lease a tract of land to
be used for airport purposes.  The County was not a party
to the lease and has no interest in the land.  The County
is willing to enter into an agreement with the City if it
may do so under the Municipal Airports Act, Article 46d
of Vernon's Civil Statutes, whereby both would share in the
expense of installing and constructing runways on the
tract acquired and owned by the City.

You have asked two questions:

1.  Whether Lynn County can enter into
an agreement under Article 46d, Vernon's Civil Statutes,
even though the County is not an owner or a lessee of the
land, and

2.  Whether such funds as may be expended
may be legally paid out of precinct funds, or must such
funds be paid from the permanent improvement fund?

Article 46d-1, Vernon's Civil Statutes, states
that:

" . . .

"(a)  'Airport' means any area of land
or water which is used, or intended for use,
for the landing and take-off of aircraft,
and any appurtenant areas which are used, or
intended for use, for airport buildings or
other airport facilities or right-of-ways,

Honorable Harold Green, page 2 (WW-1129)

together with all airport buildings and
facilities located thereon.

". . .

"(d) 'Municipality' means any county,
or any incorporated city, village or town
of this State. 'Municipal' means pertain-
ing to a municipality as herein defined.

". . ."

Article 46d-14, Vernon's Civil Statutes, pertains
to your situation as well as to the situation where two or
more municipalities act jointly in acquiring an airport.

Article 46d-14, Vernon's Civil Statutes, on joint
operations states that:

"Art. 46d-14.  Joint operations

"(a) Authorization.  For the purposes
of this Section, unless otherwise qualified,
the term 'public agency' includes munici-
pality, as defined in this Act, any agency
of the State government . . . and the term
'governing body' means the governing body
of a county or municipality, and the head
of the agency if the public agency is other
than a county or municipality.  . . .

"(b) Agreement.  Any two (2) or more
public agencies may enter into agreements
with each other for joint action pursuant
to the provisions of this Act and any two
(2) or more municipalities are specially
authorized to make such agreement or agree-
ments as they may deem necessary for the
joint acquisition and operation of airports
and air navigation facilities.  Concurrent
action by ordinance, resolution or other-
wise of the governing bodies of the parti-
cipating public agencies shall constitute
joint action.  Each such agreement shall
specify its duration, the proportionate
interest which each public agency shall
have in the property, facilities and
privileges involved, the proportion to be
borne by each public agency of prelim-
inary costs and costs of acquisition,

> establishment, construction, enlargement,
> improvement, and equipment of the air-
> port or air navigation facility, the
> proportion of the expenses of maintenance,
> operation, regulation and protection
> thereof to be borne by each and such other
> terms as are required by the provisions
> of this Section. The agreement may also
> provide for: amendments thereof, and
> conditions and methods of termination of
> the agreement; the disposal of all or
> any of the property, facilities and pri-
> vileges jointly owned, prior to or upon
> said property, facilities and privileges, or
> any part thereof, ceasing to be used for
> the purposes provided in this Act, or upon
> termination of the agreement; the distri-
> bution of the proceeds received upon any
> such disposal, and of any funds or other
> property jointly owned and undisposed of;
> the assumption or payment of any indebted-
> ness arising from the joint venture which
> remains unpaid upon the disposal of all
> assets or upon a termination of the agree-
> ment; and such other provisions as may be
> necessary or convenient." (Emphasis added)

It is well settled law in this State that the Commissioners' Court of a County has only such powers as are expressly or by necessary implication given it by the Constitution and statutes of this State. Mills v. Lampasas County, 90 Tex. 606, 40 S.W. 403 (1897), Roper v. Hall, 280 S.W. 289 (Civ.App. 1925, rehearing den.).

"It is a well-recognized principle of law that where the Legislature prescribes a definite, certain method of procedure for a city or county, all other methods are by implication of law excluded." Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104 (1923).

A reading of the above Section and the other provisions of this Act reveals the basic pattern that some interest in an airport must be held by the municipality acting. Article 46d-3, Vernon's Civil Statutes, provides for the disposal of airport property by one municipality to another. Under this Section Lynn County could comply with the law if the City of Tahoka conveyed an interest in the property.

Attorney General's Opinion No. 0-6762 (1945) holds that improvements such as airport runways are in

the nature of permanent improvements. Section 9 of Article VIII of the State Constitution not only controls the raising of funds but the disposition of those funds as well. Funds raised for one purpose cannot be spent for another purpose. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

Lynn County may not legally enter into the proposed agreement with the City of Tahoka to share the expense of installing and constructing runways unless and until the City conveys to the County an interest in the land that is to be used for airport purposes.

County funds which may be legally spent must come from the permament improvement fund.

### S U M M A R Y

Under the facts as stated, Lynn County is not authorized to enter into an agreement whereby the expenses of installation and construction of airport runways would be shared with the City of Tahoka; unless and until the City conveys to the County an interest in the land that is to be used for airport purposes; the permanent improvement fund is the proper fund from which the construction of airport runways is to be financed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.

William H. Pool, Jr.
Assistant

WHPjr:mm:lgh

Honorable Harold Green, page 5 (WW-1129)

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola Barron Wilcox
Robert T. Lewis
Robert Rowland
Sam Ray Wilson

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Howard W. Mays