

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 16, 1970

Honorable Gayle R. Carden          Opinion No. M- 579
County Attorney, Hunt County
County Courthouse                  Re:  Legal authority of the
Greenville, Texas  75401                Commissioner's Court of
                                        Hunt County to establish
                                        procedures concerning the
                                        custody and control of
                                        monies received by various
Dear Mr. Carden:                        offices of the county.

        You have requested an opinion on the following two
questions:

        "1.  May the Hunt County Commissioner's
    Court legally establish financial procedures
    and also establish internal and inter-office
    control of monies received by the various
    offices of the County?

        "2.  May the Hunt County Commissioner's
    Court legally order each office of the County
    to turn in all monies received for the day,
    and to deposit the same with the County
    Treasurer, by a certain time of the day, for
    each business day?"

        In answering the inquiries, we begin with the
proposition that the Commissioner's Court of a county has
only such powers as are expressly or by necessary implication
given it by the Constitution and statutes of this State.
Mills v. Lampasas County, 90 Tex. 606, 40 S.W. 403 (1897),
Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

        It is also a well settled principle of law that
where the Legislature prescribes a definite, certain method of
procedure for a city or county, all other methods are by im-
plication of law excluded.  Foster v. City of Waco, 113 Tex.
352, 255 S.W. 1104 (1923).

        This office held in Attorney General's Opinion
No. C-276 (1964) that under the provisions of Articles 1651,

1656, and 1657 of Vernon's Civil Statutes, the County Auditor rather than the County Treasurer had the responsibility, consistent with the statutes, to recommend county financial procedures and to suggest internal and inter-office control, specifically as to the manner and mode of transmitting funds to the County Treasurer for deposit in the county depository.

You are therefore advised that the Commissioner's Court does not have the authority to establish financial procedures in the handling of cash by each county officer.

### S U M M A R Y

The Commissioner's Court does not have
the authority to establish financial procedures
in the handling of cash by each county officer.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Linward Shivers
James McCoy
Ken Nordquist
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant