

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*RQ 720*

May 13, 1975

The Honorable Hank Anderson
County Attorney
Wichita County
Wichita Falls, Texas 76301

Dear Mr. Anderson:

Opinion No. H- 604

Re: Whether a commissioners
court may contract with the
County and District Retirement
System.

You have asked if

> [f]or the purpose of achieving amortization of the
> county's liability for prior service, . . . [may the]
> County Commissioners . . . contract with the
> Board of Trustees of the Texas County and District
> Retirement System for the annual payment of a
> specific sum of [tax] money which could be credited
> to prior service and which would enable the county
> to fulfill total liability for prior service credited by
> the year 1992.

The Texas County and District Retirement System is established by
article 6228g, V. T. C. S. Section 4(2)(d) provides:

> Each participating subdivision shall make payment
> of Prior Service Contributions to the Subdivision Prior
> Service Accumulation Fund of the System each month
> of an amount equal to a per cent of the current-service
> earnings during such month of the members of the
> System employed by such participating subdivision which
> per cent shall be the difference between the normal con-
> tribution rate, as above determined, and the subdivision
> benefit contribution rate as determined pursuant to para-
> graph (a) of subsection 1 of this section.

Without fully exploring the computations involved, we note that this section, in conjunction with other provisions of article 6228g, establishes the method for determination of the amounts to be paid for various retirement purposes. These amounts are determined from the current service earnings in each particular month. Section 4(2)(d) establishes the method for determining the amount to be contributed to provide retirement benefits for service rendered prior to the effective date of article 6228g. Your question arises from the desire of a county to forego this method of determination and to contract with the Board for the annual payment of a specific sum.

The recently enacted article 16, section 67 of the Texas Constitution empowers the Legislature to provide a statewide system of benefits for the officers and employees of counties and also provides that current statutes shall remain in effect. Thus, the Texas County and District Retirement System is to be operated as provided by statute.

The terms of article 6228g are mandatory; there is no contemplation of alternate methods. A method provided by statute is generally read to exclude other methods. Foster v. City of Waco, 255 S. W. 1104 (Tex. Sup. 1923); Weaver v. Robison, 268 S. W. 133 (Tex. Sup. 1924). We therefore construe article 6228g, section 4(2)(d), to be the mandatory and exclusive means by which tax monies may be contributed to the prior service sector of the Texas County and District Retirement System. See Attorney General Opinion V-508 (1948).

We express no opinion concerning such a contract when the subdivision wishes to contribute money other than tax money and such contribution is additional to that required by article 6228g. See art. 6228g, sec. 5(7), (entitled Endowment Fund).

## SUMMARY

Article 6228g, section 4(2)(d) is the mandatory and exclusive means by which a subdivision may contribute tax monies to a retirement system, in order to satisfy its prior service obligations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee