OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

Mr. Bernie Francis
Chair, Texas State Technical College System
3801 Campus Drive
Waco, Texas 76705

Opinion No. JC-0523

Re: Whether the Texas Public Finance Authority is authorized to issue bonds on behalf of the Texas State Technical College System (RQ-0493-JC)

Dear Mr. Francis:

You ask whether section 1232.101 of the Government Code authorizes the Texas Public Finance Authority (the "TPFA") to issue bonds on behalf of the Texas State Technical College System (the "College System").[1] We conclude in the negative.

To provide a legal context for your question, we begin by reviewing the bond-issuing authority of the College System. The College System is a two-year institution of higher education offering technical-vocational courses. TEX. EDUC. CODE ANN. § 135.01(a) (Vernon Supp. 2002). It is governed by a board of nine regents appointed by the governor with the advice and consent of the senate. *See id.* §§ 135.21-.22 (Vernon 1991). The College System is a "public technical institute," and, thus, an "institution of higher education" as defined by section 61.003(8) of the Education Code. *See id.* § 61.003(7) (defining "public technical institute"), (8) (defining "institution of higher education") (Vernon Supp. 2002). The College System is authorized to issue "general obligation" bonds payable from state general revenues appropriated and allocated to the College System under article VII, section 17 of the Texas Constitution. *See* TEX. CONST. art. VII, § 17; *see also* TEX. EDUC. CODE ANN. § 62.021 (Vernon Supp. 2002). Additionally, the College System is authorized to issue "special obligation" bonds, payable from fees, charges, and other revenues of the system pursuant to chapters 55 and 135 of the Education Code. *See* TEX. EDUC. CODE ANN. §§ 55.13, 55.17392, 135.56 (Vernon Supp. 2002).

Also relevant to your query is the bond-issuing authority of the TPFA. The TPFA, "a public authority and a body politic and corporate," is established and governed by the Texas Public Finance Authority Act, TEX. GOV'T CODE ANN. §§ 1232.001-.206 (Vernon 2000 & Supp. 2002) (the "Act"). It is authorized to issue and sell bonds on its own behalf and on behalf of certain state entities to finance the cost of authorized projects. *See id.* §§ 1232.101-.104, .1115; *see also id.* § 1232.066(a)

---

[1] *See* Letter from Ray Rushing, General Counsel, Texas State Technical College, to Honorable John Cornyn, Texas Attorney General (Jan. 11, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

(board's authority under Act limited to financing buildings, equipment, and stranded costs of municipal power agency).

Your request specifically concerns the effect of recent amendments to section 1232.101 of the Act granting the TPFA the "exclusive" authority to issue bonds on behalf of, among other entities, certain named institutions of higher education.  As amended, section 1232.101 provides:

> *With respect to all bonds authorized to be issued by* the Texas Military Facilities Commission, Texas National Research Laboratory Commission, Parks and Wildlife Department, Texas Low-Level Radioactive Waste Disposal Authority, *Stephen F. Austin State University, Midwestern State University, and Texas Southern University, the authority has the exclusive authority to act on behalf of those entities in issuing bonds on their behalf.*  In connection with those issuances and with the issuance of refunding bonds on behalf of those entities, the authority is subject to all rights, duties, and conditions surrounding issuance previously applicable to the issuing entity under the statute authorizing the issuance.  A reference in an authorizing statute to the entity on whose behalf the bonds are being issued applies equally to the authority in its capacity as issuer on behalf of the entity.

*Id.* § 1232.101 (Vernon Supp. 2002) (emphasis added).

Prior to its 2001 amendment, section 1232.101 provided that "[w]ith respect to all bonds authorized to be issued by the Texas Military Facilities Commission, . . . and each institution of higher education authorized to issue bonds under Chapter 55, Education Code, the [TPFA] has the exclusive authority to act on behalf of those entities in issuing bonds on their behalf."  Act of May 10, 1999, 76th Leg., R.S., ch. 227, § 1, 1999 Tex. Gen. Laws 721, 762.  However, the statute specifically excluded from this bond-issuing authority certain institutions of higher education, including the College System:

> (b) Subsection (a) [granting TPFA exclusive authority to issue bonds on behalf of named entities] does not apply to:

> > (1)  The University of Texas System, The Texas A & M University System, or a component of those systems;

> > (2)  *an institution of higher education authorized to issue bonds under Section 17, Article VII, Texas Constitution*; or

> > (3) bonds authorized to be issued by a system, component, or institution described by Subdivision (1) or (2).

> (c) Notwithstanding any other provision of this section, with respect to all bonds authorized to be issued by Midwestern State University, Stephen F. Austin State University, or Texas Southern University, the authority has the exclusive authority to act on behalf of those institutions in issuing bonds on their behalf. . . .

*Id.* (emphasis added). Because the College System is "an institution of higher education authorized to issue bonds under Section 17, Article VII, Texas Constitution," former section 1232.101(a) did not authorize the TPFA to issue bonds on behalf of the College System. Moreover, no other provision in the Act authorized the TPFA to issue bonds for institutions of higher education generally or specifically for the College System. *See id.*

The statute was amended in the 2001 legislative session merely to clarify the existing law that the "only institution of higher education the TPFA has the authority to issue bonds for are the three institutions specifically named." *Texas Public Finance Authority Act: Hearing on Tex. H.B. 2153 Before the Senate Comm. on Finance,* 77th Leg., R.S. (May 10, 2001) (tape available from Senate Staff Services Office) (statements of Judith Porras, General Counsel to TPFA).[2]

---

[2]House Bill 2153 amended section 1232.101 as follows:

Sec. 1232.101. ISSUANCE OF BONDS FOR CERTAIN STATE AGENCIES.

[(a)] With respect to all bonds authorized to be issued by the Texas Military Facilities Commission, Texas National Research Laboratory Commission, Parks and Wildlife Department, Texas Low-Level Radioactive Waste Disposal Authority, Stephen F. Austin State University, Midwestern State University, and Texas Southern University [and each institution of higher education authorized to issue bonds under Chapter 55, Education Code], the authority has the exclusive authority to act on behalf of those entities in issuing bonds on their behalf. . . .

[(b) Subsection (a) does not apply to:]

[(1) The University of Texas System, The Texas A&M University System, or a component of those systems;]

[(2) an institution of higher education authorized to issue bonds under Section 17, Article VII, Texas Constitution; or]

[(3) bonds authorized to be issued by a system, component, or institution described by Subdivision (1) or (2).]

[(c) Notwithstanding any other provision of this section, with respect to all bonds authorized to be issued by Midwestern State University, Stephen F. Austin State University, or Texas Southern University, the authority has the exclusive authority to act on behalf of those institutions in issuing bonds on their behalf. . . .]

Tex. H.B. 2153, 77th Leg., R.S. (2001).

We gather that you believe the 2001 amendment creates more ambiguity. You ask whether section 1232.101 "make[s] it impermissible for TPFA to issue bonds on behalf of [the College System]." Request Letter, *supra* note 1, at 2. You suggest that "[t]he deletion of 'and each institution of higher education authorized to issue bonds under Chapter 55, Education Code' . . . has the potential meaning that TPFA may no longer issue bonds for" the College System. *Id.* But, you assert, the statutory language following the named institutions of higher education, "the authority has the exclusive authority to act on behalf of those entities in issuing bonds," could mean that "institutions of higher education authorized to issue bonds under Chapter 55 of the Texas Education Code are merely not limited to having TPFA as the *exclusive* body that may issue bonds on their behalf," but may choose to have the TPFA issue their bonds. *Id.* We disagree.

Neither you nor the TPFA provide any legal arguments or advocate a particular interpretation of the Act. *See Osterberg v. Peca*, 12 S.W.3d 31, 51 (Tex. 2000) (courts will generally defer to the construction of a statute by administrative agency charged with its enforcement). We conclude, based on our review of the Act as a whole and other provisions authorizing issuance of bonds by institutions of higher education, that section 1232.101 of the Act does not authorize the TPFA to issue bonds on behalf of the College System.

It is well-established that the authority to issue bonds or other negotiable securities must be expressly granted. *See San Antonio Union Jr. Coll. Dist. v. Daniel*, 206 S.W.2d 995, 999 (Tex. 1947); *Keel v. Pulte*, 10 S.W.2d 694, 697 (Tex. Comm'n App. 1928); *Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923); *Lasater v. Lopez*, 217 S.W. 373, 376 (Tex. 1919). Furthermore, "where [this] power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed." *Foster*, 255 S.W. at 1105; *see also Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887, 892 (Tex. 1968). Thus, the TPFA may not, pursuant to section 1232.101 of the Act, issue bonds "authorized to be issued" by the College System unless expressly authorized to do so by another provision.

The Act as amended does not expressly authorize the TPFA to issue bonds on behalf of the College System. Section 1232.101 is the only provision in the Act that expressly directs the TPFA to issue bonds "authorized to be issued by" the named institutions of higher education. *See generally* TEX. GOV'T CODE ANN. §§ 1232.001-.206 (Vernon 2000 & Supp. 2002). The College System is not included in that list. *See id.* § 1232.101. While the "exclusive authority" language could be read to imply that the TPFA possesses non-exclusive authority to issue bonds on behalf of other institutions of higher education, nothing else in the Act supports such a reading. *See Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (legislative intent to be determined from entire act not simply from isolated portions of act); *Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984) (in determining meaning of statutory language, statute to be read as whole giving consideration to entire act, its nature and object, and consequences that would follow from particular construction). No other provision in the Act grants the TPFA power to issue bonds on behalf of other institutions of higher education.

Nor do other provisions authorizing the College System to issue bonds authorize the TPFA to exercise the College System's bond-issuing authority. Again, the College System is authorized

to issue "general obligation" bonds under article VII, section 17 of the Texas Constitution, *see* TEX. CONST. art. VII, § 17, and "special obligations" pursuant to chapters 55 and 135 of the Education Code, *see* TEX. EDUC. CODE ANN. §§ 55.13, 55.17392, 135.56 (Vernon Supp. 2002). We consider each provision.

Article VII, section 17 appropriates "out of the first money coming into the state treasury not otherwise appropriated by the constitution $100 million" and directs its allocation for the use of named institutions of higher education, including the College System. *See* TEX. CONST. art. VII, § 17(a)-(c); *see also* TEX. EDUC. CODE ANN. § 62.021 (Vernon Supp. 2002) (specific allocations). Article VII, section 17 authorizes the governing board of the "*institutions* authorized to participate in the distribution of money under this section" to issue bonds "for the purposes of refunding bonds or notes issued under this section or prior law, acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, acquiring capital equipment, library books." TEX. CONST. art. VII, § 17(e) (emphasis added); *see also* TEX. EDUC. CODE ANN. § 62.021(c) (Vernon Supp. 2002) (authorizing issuance of bonds for purposes authorized by article VII, § 17). This constitutional provision is "self-enacting," and prevails over any other conflicting constitutional provision. *See* TEX. CONST. art. VII, § 17(*l*). No other constitutional provision purports to transfer to the TPFA the bond-issuing authority granted to the governing boards of the eligible institutions of higher education. And no statute, including the Act, may do so. *See Cook v. State*, 902 S.W.2d 471, 478-79 (Tex. Crim. App. 1995, no pet.) (and cases cited) ("It is fundamental to constitutional and statutory construction that the Legislature lacks the authority to enact a statute which conflicts with a provision of the Constitution."). Accordingly, the TPFA may not issue the general obligation bonds that the College System's board is specifically authorized to issue under article VII, section 17.

The TPFA may not issue special revenue bonds that the College System is authorized to issue under chapter 55 of the Education Code. Section 55.17392 specifically authorizes the College System's board of regents to issue bonds secured by system-wide revenues for the system's component institutions. TEX. EDUC. CODE ANN. § 55.17392 (Vernon Supp. 2002). Section 55.13(a) generally authorizes the governing boards of institutions of higher education to issue revenue bonds for the acquisition, improvement, or equipping of facilities. *See id.* § 55.13(a). "Institutions of higher education," for the purposes of chapter 55, has the meaning ascribed to it by section 61.003 of the Education Code. *See id.* § 55.01(1); *see also supra* p. 1. Subsections (b) and (c) of section 55.13 provide that the revenue bonds authorized under subsection (a) must be issued by the TPFA, but with significant exceptions:

> (b)  *With respect to all institutions the Texas Public Finance Authority shall exercise the authority of a board to issue revenue bonds on behalf of such institution or institutions,* or any branch or branches thereof, in the manner provided by this subchapter, including the authority to issue refunding bonds under Section 55.19 of this code. In connection with the issuance of bonds under this chapter, the Texas Public Finance Authority has all of the rights and

duties granted or assigned to and is subject to the same conditions as a board under this chapter. *This subsection does not apply to The University of Texas System, The Texas A & M University System, or a component of those systems [or] to an institution authorized to issue bonds under Article VII, Section 17, of the Texas Constitution, or to bonds authorized to be issued by any of those systems, components, or institutions.*

(c) *Notwithstanding any other provision of this section, with respect to all bonds authorized to be issued by Midwestern State University, Stephen F. Austin State University, or Texas Southern University, the Texas Public Finance Authority shall exercise the authority of a board to issue bonds on behalf of those institutions,* in the manner provided by this subchapter, including the authority to issue refunding bonds under Section 55.19. In connection with the issuance of bonds under this chapter, the Texas Public Finance Authority has all the rights and duties granted or assigned to and is subject to the same conditions as a board under this chapter.

TEX. EDUC. CODE ANN. § 55.13 (Vernon Supp. 2002) (emphasis added). Under subsections (b) and (c), the TPFA's authority to issue revenue bonds specifically excludes the authority to issue bonds for institutions of higher education that are authorized to issue bonds under article VII, section 17, such as the College System. *See id. Compare id., with id.* § 51.927(h) (Master Equipment Lease Purchase Program operated by TPFA may be utilized by institution of higher education to fund contract for energy or water conservation measures). Significantly, the exclusion is not limited to the non-transferable "general obligation" bond authority of these institutions under that constitutional provision. *See id.* § 55.13; *see also supra* p. 5. We note that prior to its 2001 amendment, section 1232.101 of the Act contained language virtually identical to that of subsections (b) and (c). *See* Tex. H. B. 2153, *supra* note 2.

Finally, the TPFA may not exercise the College System's bond issuing authority under chapter 135 of the Education Code. Section 135.56(d) provides that the College System's "*board,* in addition to the authority already provided, may issue revenue bonds for the purposes authorized and in the manner prescribed and under the terms and conditions set forth in Chapter 55 of this code." TEX. EDUC. CODE ANN. § 135.56 (Vernon Supp. 2002) (emphasis added). Similarly, section 135.56(e) authorizes the College System "board" to "issue additional revenue bonds for the purposes authorized and in the manner prescribed by 26 U.S.C. Section 142, relating to airport development, water and sewage treatment . . . ." *Id.* § 135.56(e). Under these provisions, the authority to issue bonds is vested in the College System's board and not transferable to the TPFA.

## S U M M A R Y

Section 1232.101 of the Texas Public Finance Authority Act, TEX. GOV'T CODE ANN. §§ 1232.001-.206 (Vernon 2000 & Supp. 2002), does not authorize the Texas Public Finance Authority to issue bonds on behalf of the Texas State Technical College System.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee