

## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

April 11, 2023

The Honorable Laurie K. English
112th Judicial District Attorney
Post Office Box 1187
Ozona, Texas 76943

      **Opinion No. KP-0442**

      Re: May the Fire Chief or Lieutenant of the Iraan Volunteer Fire and Rescue Department simultaneously serve on the Iraan City Council (RQ-0486-KP)

Dear Ms. English:

      You ask whether the fire chief or lieutenant of the Iraan Volunteer Fire and Rescue Department ("VFD") may simultaneously serve on the Iraan City Council.[1] You tell us that the City of Iraan ("City") is a Type A general-law city with a population of about 1,240 located in Pecos County, Texas. *See* Request Letter at 1. You tell us that its city council ("City Council") comprises five city council members and a mayor. *Id.* You explain that in November of 2020, two individuals who actively serve as the fire chief and the lieutenant of the VFD were elected to the City Council and now the City Council seeks guidance on the question whether these two individuals may simultaneously serve in the dual positions. *See id.*

      In relation to your request, you also explain that the City Council is aware of Local Government Code section 21.003, "which expressly permits such dual service," but has not adopted any resolution thereunder. *Id.* at 1–2. You provide additional background facts with respect to the operational relationship between the City and the VFD. *See id.* at 2 (providing such facts "to illustrate the close relationship between" the VFD and the City). These background facts reveal the several instances of financial support the City and Pecos County provide to the VFD. *See id.*

      As the City is a Type A general-law city, we begin by recognizing that general-law cities "possess only 'those powers and privileges that the State expressly confers upon them'" and those implied powers that are indispensable to carrying out expressly granted powers. *Builder Recovery Servs., LLC v. Town of Westlake*, 650 S.W.3d 499, 503 (Tex. 2022) (quoting *Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 531 (Tex. 2016)).

---

[1]*See* Letter from Honorable Laurie K. English, 112th Judicial Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 14, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0486KP.pdf ("Request Letter").

At first glance, your question appears to implicate several laws on dual office holding derived from the Texas Constitution and the common-law. *See* TEX. CONST. art. XVI, § 40; Tex. Att'y Gen. Op. No. KP-0119 (2016) at 2 (discussing common-law incompatibility). However, a previous opinion from this office, Opinion JC-0564, considered a question similar to yours involving the dual service of a member of a volunteer fire department and a city council member in conjunction with Local Government Code section 21.003's predecessor.[2] Tex. Att'y Gen. Op. No. JC-0564 (2002) at 1, 5. Chapter 21 addresses general provisions affecting the governing body of a municipality. *See generally* TEX. LOC. GOV'T CODE §§ 21.001–.105. Section 21.003 relates to volunteer service by members of a municipal governing body. *See id.* § 21.003. Opinion JC-0564 concluded that the statute was the dispositive law over the common-law with respect to volunteer fire departments.[3] Tex. Att'y Gen. Op. No. JC-0564 (2002) at 4; *see also* Tex. Att'y Gen. Op. No. GA-0084 (2003) 5–6, n.8.

Local Government Code section 21.003 provides that

> [a] member of the governing body of a municipality may serve as a volunteer for an organization that protects the health, safety, or welfare of the municipality regardless of whether the organization is funded or supported in whole or part by the municipality if the governing body adopts a resolution allowing members of the governing body to perform service of that nature.

TEX. LOC. GOV'T CODE § 21.003. Opinion JC-0564 construed section 21.003's predecessor to mean that "the dual service it permits is authorized" only if the city council adopts the appropriate resolution.[4] Tex. Att'y Gen. Op. No. JC-0564 (2002) at 4. We reach the same conclusion based on the plain text of section 21.003. Section 21.003 expressly allows the dual service "*if* the governing body adopts a resolution . . . ." TEX. LOC. GOV'T CODE § 21.003 (emphasis added). The word "if" is a conjunction that "introduc[es] a conditional clause." NEW OXFORD AMERICAN DICTIONARY 865 (3d ed. 2010). It means "on the condition or supposition that; in the event that[.]" *Id.*; *see also Dao v. Mission Bend Homeowners Ass'n, Inc.*, No. 01-20-00597-CV, 2022 WL 3031619, at *5 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) ("The word 'if' at the beginning of the

---

[2]The language of now-section 21.003 was originally adopted as section 21.002. *See* Act of Apr. 20, 2001, 77th Leg., R.S., ch. 42, 2001 Tex. Gen. Laws 73. It was renumbered to section 21.003 in 2003. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1275, § 2(104), 2003 Tex. Gen. Laws 4140, 4146. The language of section 21.003 is identical to the language of former section 21.002.

[3]The constitutional prohibition on dual office holding does not apply here because "[a] volunteer fire fighter does not hold an 'office' under article XVI, section 40 of the Texas Constitution." Tex. Att'y Gen. Op. No. JC-0199 (2000) at 1.

[4]Opinion JC-0564 relied on the principle of construction that "[w]hen a right or 'power is granted the method of its exercise prescribed, the prescribed method excludes all others.'" Tex. Att'y Gen. Op. No. JC-0564 (2002) at 4 (quoting *Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923)). It determined that in enacting section 21.003 the Legislature intended to preempt the common law and "to occupy the field with regard to that aspect of self-employment involving dual service on city councils and volunteer fire departments." *Id.* Opinion JC-0564 determined that "dual service in those specific instances is necessarily prohibited *unless* a city council adopts the kind of resolution described in section [21.003]." *Id.* The opinion concluded that "in order for a member of a governing body of a municipality to simultaneously serve as a member of a volunteer fire department, a municipality must affirmatively adopt the kind of resolution described in section [21.003] . . . ." *Id.* at 5.

clause signals the provision's application is conditional."); *Bagnall v. Bagnall*, 225 S.W.2d 401, 402 (Tex. 1949). By its plain language section 21.003 allows the contemplated dual service only if the governing body adopts the referenced resolution.

You tell us the City has not adopted a resolution under section 21.003. *See* Request Letter at 1, 3. Accordingly, a court would likely conclude, in the absence of the resolution, that section 21.003 prohibits the simultaneous service of a person as a member of a volunteer fire department and member of the City Council.[5]

---

[5]As your second question is contingent on a contrary conclusion, we need not address it. *See* Request Letter at 1 (asking "if dual service is permitted, would the individuals serving in the dual role be allowed to vote on City Council Agenda items that impact the VFD").

## S U M M A R Y

Absent a resolution adopted by the Iraan City Council under Local Government Code section 21.003, the dual service of a person as a member of a volunteer fire department and member of the City Council is prohibited.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee