

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 5, 1966

Honorable George A. Day
County Attorney
Brown County Courthouse
Brownwood, Texas

Opinion No. C-772

Re: Whether a county may use
tax funds for the pur-
pose of operating an am-
bulance service in the
county or cooperate with
an incorporated City in
the County in the op-

Dear Mr. Day:                    eration of such service.

        Your recent letter to this office requests our opinion
with regard to the following question:

        "May a County use tax funds for the pur-
pose of operating an ambulance service in the
County or cooperate with an incorporated City
in the County in the operation of such ser-
vice?"

        Section 18 of Article V of the Constitution of Texas
authorizes the commissioners court of a county to "exercise
such powers and jurisdiction over all county business, as
is conferred by this Constitution and the laws of the State
. . . ." Our courts have held that this provision does not
confer on commissioners courts general authority over county
business, but, on the contrary, limits their authority to
that conferred, expressly or by necessary implication, by the
statutes or constitution. Mills County v. Lampasas County,
90 Tex. 603, 40 S.W. 403 (1897); Childress County v. State,
127 Tex. 343, 92 S.W.2d 1011 (1936); Canales v. Laughlin,
147 Tex. 169, 214 S.W.2d 451 (1948); Anderson v. Wood, 137
Tex. 201, 152 S.W.2d 1084 (1941).

        In our opinion the commissioners court has the au-
thority, under its general powers relating to the public
health and sanitation, to operate an ambulance service within
the county.

The health and welfare of the public is of primary importance to all ordered forms of government. In the preservation and protection of the public health, every sovereign may, in the exercise of the police power, enact laws directed to that purpose. The legislature may delegate powers relating to the public health to various agencies or subdivisions of the state. 28 Tex.Jur.2d 9, Health §§ 1,2; 39 C.J.S. 811, Health § 2. Acting in this regard, the legislature of this state has enacted numerous statutes relating to health and sanitation. Among those statutes relating to the authority of counties to act with respect to the public health we find Article 4418f of Vernon's Civil Statutes, which provides in part as follows:

> ". . . The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

The authority thus conferred upon the commissioners court to expend the general revenues of the county for, and in behalf of, public health and sanitation is general in its scope. Since Article 4418f provides no directions to guide the court in the exercise of this power, they are to be guided by their sound discretion. Attorney General's Opinion O-2580A (1940). The cited attorney general's opinion held that Articles 4478 and 4481 of Vernon's Civil Statutes, relating to the establishment and management of county hospitals, did not limit or qualify the general powers of the commissioners court under Article 4418f to furnish facilities or provide services which could be provided by a county hospital or its board of managers in the event such hospital were established. We there stated:

> "When it is reasonably necessary in behalf of the public health and sanitation within the county, it is our opinion that the Commissioners' Court of a county may appropriate and expend money from the general revenues of the county for treatment, consultation and medical supplies without bonds and establishing a hospital, notwithstanding such services might be included

within the statutory authority of the hos-
pital if established."

In Attorney General's Opinion O-6024 (1944) we
held that Article 4418f authorizes a county, in the futherance
of public health and sanitation, to acquire land for the pur-
pose of disposing of garbage and refuse collected from the
inhabitants of the county. We have also held that said Article
authorizes the commissioners court to expend general revenues
of a county for the purpose of establishing and maintaining
a prophylactic unit if the commissioners court determines
that it will be in behalf of the public health and sanitation
within the county. Attorney General's Opinion O-4725 (1942).

In view of the foregoing, you are hereby advised
that the commissioners court, pursuant to the authority of
Article 4418f, Vernon's Civil Statutes, may expend tax funds
from the general revenues of the county for the operation
and maintenance of an ambulance service within the county,
if the commissioners court determines that such service will
be in behalf of the public health and sanitation within the
county. When the commissioners court has been granted a
power or has been charged with a duty, it has implied authority
to exercise a broad discretion to accomplish the intended pur-
pose. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941);
Madison County v. Wallace, 118 Tex. 279, 15 S.W.2d 535 (1929);
Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

Your request also inquires as to the authority of
the county to "cooperate" with an incorporated city within the
county in the operation of an ambulance service. By the use of
the term "cooperate" we assume that you have reference to some
form of an agreement between the county and the city which would
constitute a contract whereby the county and city would jointly
provide for the service. The authority of the commissioners
court to bind the county by contract is limited to that speci-
fically conferred, either expressly or by fair implication, by
the constitution or statutes. Childress County v. State,
127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett,
173 S.W. 508 (Tex.Civ.App. 1915, error ref.); Roper v. Hall,
280 S.W. 289 (Tex.Civ.App. 1926, no history); cf. Foster v.
City of Waco, 113 Tex. 352, 255 S.W. 1104 (1923). In this

connection, we point out that Article 4434 of Vernon's Civil Statutes provides as follows:

> "The municipal authorities of towns and cities, and commissioners courts of the counties wherein such towns and cities are situated, may co-operate with each other in making such improvements connected with said towns, cities and counties as said authorities and courts may deem necessary to improve the public health and to promote efficient sanitary regulations; and, by mutual arrangement, they may provide for the construction of said improvements and the payment therefor."

Considering the language of this Article, we are of the opinion that the commissioners court, in the exercise of the power conferred by Article 4418f, may cooperate with an incorporated city within the county in the operation of an ambulance service. Since we have not been informed as to the terms of the agreement providing for the cooperation of the county and city in the operation of such a service, we do not hereby hold that the authority of the county with respect to the terms of such agreement is unbridled. On the contrary, the expenditure of county funds pursuant to the agreement must not contravene the prohibition of Section 52 of Article III of the Texas Constitution. Harris County Flood Control Dist. v. Mann, 135 Tex. 239, 140 S.W.2d 1098 (1940) at page 1104.

## S U M M A R Y

Pursuant to the general powers of the county to expend the general revenues of the county in behalf of the public health and sanitation under Article 4418f, V.C.S., the county may operate and maintain an ambulance service within the county if the commissioners court determines that such service is in behalf of the public health and sanitation; under the authority of Article 4434, V.C.S., the county may, in the exercise of its powers under Article 4418f, V.C.S., cooperate with

an incorporated city within the county in the operation of an ambulance service, however, the extent of the county's contribution under the agreement cannot contravene the limitations of Section 52 of Article III of the Texas Constitution.

Yours very truly,

WAGGONER CARR
Attorney General

By: W. O. Shultz
Assistant

WOS:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Wade Anderson
Douglas Chilton
Linward Shivers
Gordon Houser

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright